## ALBERT R. STREIFF *v.* DEPARTMENT OF REVENUE

Bernard F. Bednarz, Bednarz, Terry & Morley, Salem, represented plaintiff.

Ted E. Barbera, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered September 15, 1975.

CARLISLE B. ROBERTS, Judge.

Plaintiff appealed from defendant's Order No. I-74-11, dated March 7, 1974, denying him a travel ex-

pense deduction taken in his personal income tax return for the tax year 1971. Plaintiff, a journeyman plumber, was affiliated with a Salem union but worked out of a union hall located in Portland. Plaintiff was a bachelor. He rented an apartment in Beaverton during the course of the year 1971. During that year he was employed for 63 days in Centralia, Washington, and for 40 days in Albany, Oregon, and his expense deduction was the result of his election to commute to and from his Beaverton apartment, although hotels and apartments were readily available at each of the jobsites.

The pertinent statute, Int Rev Code of 1954, § 162, relating to the recurring and troublesome problem of commuting expenses, and some of the history and development of the law through court decisions and Internal Revenue Service regulations, are set out in *Hilyard v. Dept. of Rev.*, 5 OTR 619 (1974). (The *Hilyard* case, however, is easily distinguishable from the present instance on the facts.)

Plaintiff has asserted that the issue in this case is the meaning of the term "home" as used in the statute and whether plaintiff's employment was "temporary." In addition to Int Rev Code of 1954, § 162(a) (2), he has particularly relied upon *Commissioner v. Peurifoy*, 254 F2d 483 (4th Cir 1957), 57-2 USTC ¶ 10,045, 52 AFTR 1691, *aff'd*, 358 US 59, 79 S Ct 104, 3 L Ed2d 30, 58-2 USTC ¶ 9925, 2 AFTR 2d 6055 (1958), *reh denied*, 358 US 913, 79 S Ct 227, 3 L Ed2d 234 (1958); Rev Rul 60-189, 1960-1 Cum Bull 60; Rev Rul 190, 1953-2 Cum Bull 303, and a number of other cases in which the taxpayer was required to incur overnight expenses. This factor is particularly significant in the present case where the plaintiff elected to commute rather than to give up his bachelor apartment in Beaverton, thus incurring substantial expenses for automobile mileage.

■ The United States Supreme Court in *United States v. Correll*, 389 US 299, 88 S Ct 445, 19 L Ed2d 537, 20 AFTR2d 5845 (1967), held that the statutory language "away from home" means the taxpayer must have been required to stay overnight. Commuting expenses of a private taxpayer, no matter how related to the production of income, were held not deductible unless he had procured lodging for the night.

■ The *Correll* case was augmented by *Tauferner v. United States*, 407 F2d 243 (10th Cir 1969), 23 AFTR2d 69-1025, 69-1027, *cert denied*, 396 US 824, 90 S Ct 66, 24 L Ed2d 74 (1969), where the court held that there was no way adequately to distinguish commuting expenses, admittedly necessary under the facts of the case, with those of ordinary commuters:

> "The more persuasive authority would, in the case before us, place the expenses of the taxpayer in getting to the work site [where there was no possibility of the taxpayer locating his home near such site] and returning to the place of residence in the personal expense category. There is no convincing way to distinguish these expenses from those of the suburban commuter. * * *"

■ The Court of Appeals for the Ninth Circuit, which in a number of cases had allowed commuting expenses to taxpayers, contrary to decisions in other circuits, held in *Sanders v. Commissioner*, 439 F2d 296 (9th Cir 1971), 27 AFTR2d 71-832, *cert denied*, 404 US 864, 92 S Ct 55, 30 L Ed2d 108 (1971), that the expenses of traveling must have been incurred during an overnight stay, even if the commuting was the result of extreme necessity. (*See Walter J. White*, 31 CCH Tax Ct Mem 273, 41 P-H Tax Ct Mem ¶ 72,067 (1972), finding that *Wright v. Hartsell*, 305 F2d 221 (9th Cir 1962), 62-2 USTC ¶ 9608, 10 AFTR2d 5144, relied on by plaintiff, has been "effectively overruled.")

■ Since the expenses of commuting are only deductible if the taxpayer has spent his night away from home, then the questions of where the taxpayer's home is, and whether his work was temporary, are not here in issue. This proposition was expounded on in *William B. Turner,* 56 TC 27, 31 (1971):

> "* * * [The] location of the taxpayer's tax home does not suffice to distinguish transportation expenses under section 162(a) from commuting expenses. * * * [T]he concepts of 'temporary' or 'indefinite' employment, which bear upon the issue under section 162(a)(2) of whether it is reasonable for a taxpayer to move his residence near to his employment, are of little or no value in distinguishing transportation expenses from commuting expenses. * * *"

The plaintiff's automobile expenses, voluntarily incurred in commuting between his home and jobsites in Centralia, Washington, and Albany, Oregon, are nondeductible commuting expenses, regardless of the temporary nature of his work.

The Department of Revenue's Order No. I-74-11 is affirmed and the plaintiff's cause is dismissed.