JOHN W. NONEMAN and MARCELLE E. NONEMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Noneman v. Commissioner
Docket No. 9709-75.
United States Tax Court
T.C. Memo 1978-283; 1978 Tax Ct. Memo LEXIS 227; 37 T.C.M. (CCH) 1195; T.C.M. (RIA) 78283; July 26, 1978, Filed Richard G. Danner, Jr., for the petitioners. John F. Dean, for the respondent. GOFFE
MEMORANDUM OPINION GOFFE, Judge: The Commissioner determined deficiencies in income tax and additions [1] to tax of petitioners as follows: Addition to Tax Under Taxable Year
Deficiency
Sec. 6653(a), I.R.C. 1954 [2]
1972
$ 4,117.56
$ 205.88
1973
5,018.66
250.93
*229 This matter is before the Court on petitioners' motion for partial summary judgment and on respondent's motion for summary or partial summary judgment, which were filed pursuant to Rule 121 of the Court's Rules of Practice and Procedure. Four issues are presented by the parties' motions: 1. As a threshold determination, whether any material facts are in issue and whether a decision on any issue in the case may be rendered as a matter of law; 2. Whether petitioners must include in their income amounts received as reimbursement for moving expenses, transportation, taxi, lodging and travel expenses; 3. Whether petitioners are entitled to a deduction for moving expenses in 1972; and, 4. Whether petitioners are entitled to a deduction for unreimbursed travel expenses in 1972. For the purpose of these motions, all of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated by this reference. John W. Noneman (hereinafter petitioner) and Marcelle E. Noneman, husband and wife, filed their joint Federal income tax returns for the taxable years 1972 and 1973 with the Internal Revenue Service Center, Austin, Texas. Petitioner *230 resided in Falls Church, Virginia, and his wife resided in Dallas, Texas, at the time they filed their petition with this Court. From October 1971 to October 1973, petitioner was employed as a consultant on a computer systems installation project in Detroit, Michigan. [3] Petitioner or his employer [4] could terminate the applicable employment contract at any time, requiring only that notification be given the other party ten days in advance of the desired termination date. Petitioner, his wife, and their children resided in Canton, Ohio, at the time petitioner commenced his consulting job on the Detroit project. In June 1972 they moved to Dallas, Texas, where they resided for the remainder of 1972 and for all of 1973. Petitioner returned to his family residence in Canton or Dallas on most or all of the weekends from October 1971 to December 1973. During 1972 and 1973 petitioner *231 requested his employer to reimburse him for certain of his expenditures. The exact amounts requested and the nature of the corresponding expenditures have not been shown. Of the amounts requested in 1972 petitioner received $ 1,891.80 as reimbursement for moving expenses and $ 9,401.79 as reimbursement for transportation, taxi, and lodging in Detroit and travel expenses for trips between Detroit and Canton or Dallas. In 1973, petitioner received $ 14,638.37 as reimbursement for transportation, taxi, and lodging in Detroit and travel expenses for trips between Detroit and Dallas. Petitioners did not report as income any of the reimbursements received from petitioner's employer, nor did petitioners claim as business expense deductions any expenditures for which petitioner requested reimbursement. Petitioners deducted as a business expense but did not request reimbursement for $ 2,542, which represents a portion of petitioner's airfare for flights between Detroit and Dallas. The reimbursement procedure of petitioner's employer was one which complied with the accounting and substantiation requirements of respondent's regulations under sections 162 and 274. With respect to 1972, *232 respondent disallowed petitioners' business expense deduction which represented the unreimbursed portion of petitioner's airfare for trips between Detroit and Dallas. For both 1972 and 1973 respondent increased petitioners' income by the entire amount that petitioner received as reimbursement for transportation, taxi, and lodging in Detroit, for travel expenses for trips between Detroit and Canton or Dallas, and for moving expenses. The disallowance and the inclusions were founded on respondent's decision that the amounts deducted and the amounts reimbursed related to personal, nondeductible expenditures rather than deductible business and moving expenses. We find that all of the foregoing facts exist without substantial controversy. Petitioners' motion for partial summary judgment requests us to decide that none of the reimbursements received by petitioner in 1972 and 1973 should be included in petitioners' income for those years. Petitioners argue that we should grant their motion because of the following reasons: all of the expenses for which petitioner was reimbursed were deductible expenses; he and his employer met all applicable substantiation and accounting requirements; *233 and he was reimbursed for the expenses pursuant to a reimbursement plan of his employer. In support of their argument, petitioners cite sections 1.162-17(b)(1) and 1.274-5(e)(2), Income Tax Regs. Section 1.162-17(b)(1) provides in pertinent part as follows: (b) Expenses for which the employee is required to account to his employer--(1) Reimbursements equal to expenses. The employee need not report on his tax return (either itemized or in total amount) expenses for travel, transportation, entertainment, and similar purposes paid or incurred by him solely for the benefit of his employer for which he is required to account and does account to his employer and which are charged directly or indirectly to the employer (for example, through credit cards) or for which the employee is paid through advances, reimbursements, or otherwise, provided the total amount of such advances, reimbursements, and charges is equal to such expenses. * * * [5]
*234 Section 1.274-5(e)(2) provides in pertinent part as follows: (e) Reporting and substantiation of expenses of certain employees for travel, entertainment, and gifts * * * (2) Reporting of expenses for which the employee is required to make an adequate accounting to his employer--(i) Reimbursements equal to expenses. For purposes of computing tax liability, an employee need not report on his tax return business expenses for travel, transportation, entertainment, gifts, and similar purposes, paid or incurred by him solely for the benefit of his employer for which he is required to, and does, make an adequate accounting to his employer * * * for which the employee is paid through advances, reimbursements, or otherwise, provided that the total amount of such advances, reimbursements, and charges is equal to such expenses. Respondent's motion for summary judgment on all or a part of the legal issues in controversy requests us to decide that petitioners must include in income all of the reimbursements received in 1972 and 1973 and that petitioners are not entitled to the business *235 expense deduction related to unreimbursed travel expenses. Respondent points out that a portion of the amounts received by petitioner in 1972 were received as reimbursement for moving expenses. Respondent contends that the moving expenses incurred by petitioners are not deductible under section 217 and that the related reimbursement must be included in their income pursuant to section 82. With respect to petitioners' claimed business expenses, respondent contends that petitioners have built their entire case on a false premise. Respondent concedes that petitioner and his employer met all relevant substantiation and accounting requirements, but argues that petitioner has not incurred "business expenses * * * solely for the benefit of his employer." Instead, respondent argues that all of petitioner's expenditures were nondeductible and that petitioners therefore were required to report petitioner's reimbursements as income. To support his contention that petitioner's expenses were nondeductible, respondent cites section 1.274-5(e)(1), Income Tax Regs., which *236 provides in pertinent part as follows: For purposes of this paragraph, the term "business expenses" means ordinary and necessary expenses for travel, entertainment or gifts which are deductible under section 162 * * *. Thus, the term "business expenses" does not include personal, living or family expenses disallowed by section 262 or travel expenses disallowed by section 274(c), and advances, reimbursements, or allowances for such expenditures must be reported as income by the employee. First we will address the issues presented by the expenditures and reimbursements not directly related to petitioners' move from Canton to Dallas. Section 61(a) would require petitioners to include in their gross income amounts received from petitioner's employer as reimbursements for expenditures. Section 62(2)(A) would allow petitioners in computing their adjusted gross income-- [the] deductions allowed by part VI (sec. 161 and following) which consist of expenses paid or incurred by the taxpayer, in connection with the performance by him of services as an employee, under a reimbursement or other *237 expense allowance arrangement with his employer. Deductions allowed by section 162(a), the requirements of which petitioners claim the expenditures met, are deductions allowed by part VI (sec. 161 and following). As a prerequisite to the allowability of certain classes of deductions under section 162(a), the rigorous substantiation requirements of section 274 must be met. Section 274 does not allow as a deduction expenditures otherwise nondeductible, but rather limits allowable deductions to those which are properly substantiated. Respondent's regulations provide a simplified method of attaining the same result as that of the foregoing procedure. If an employee incurs deductible business expenses, meets specific substantiation and accounting requirements, and is reimbursed for those expenses by his employer, then the employee may treat the transactions as a wash and elect to not report the income and not take the otherwise allowable deduction. Secs. 1.162-17(b)(1) and 1.274-5(e)(2)(i), Income Tax Regs. An employee must report the reimbursements as income to the extent that the reimbursements *238 exceed the employee's deductible expenses.Secs. 1.162-17(b)(2) and 1.274-5(e)(2)(ii), Income Tax Regs.Of course, the reimbursements are still includable in the employee's income pursuant to section 61(a); the cited regulations only simplify reporting procedures. The ultimate question in the instant case is whether certain unreimbursed airfares and reimbursed expenses are properly deductible pursuant to section 62(2) and section 274(d). Petitioners contend that the stipulated facts of the instant case clearly support their conclusion that petitioner's expenses are deductible. Respondent argues that the same stipulated facts clearly support his conclusion that the reimbursed expenses are not deductible. Respondent argues further that the deduction taken by petitioners for 1972 pursuant to sections 162(a) and 62(2) for unreimbursed airfare likewise does not constitute an allowable deduction. The expenses in issue here are described in the stipulation of facts as being expenses incurred for transportation, taxi, and lodging in Detroit and travel expenses for trips between Detroit and Canton or Dallas. No elaboration is provided. Satisfactory disposition of cases concerning the allowability *239 of business expense deductions like the ones here in issue depends on the diligence of the parties in developing the relevant facts of the case.Here, minimal factual development has taken place. The stipulated facts of this case are insufficient to establish the extent to which petitioners are entitled to deduct the unreimbursed airfare or any of the reimbursed expenses. Reimbursement by one's employer does not, of itself, prove that an expense is incurred "solely for the benefit of the employer" or is "oidinary and necessary." Petitioners have the burden of proving at trial the extent to which petitioner's expenditures constitute ordinary and necessary business expenses.[6]Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering,290 U.S. 111 (1933). *240 Next we will address the issues presented by the expenditures and reimbursements associated with petitioners' move from Canton to Dallas. Section 82 provides that amounts received as an employer's reimbursement of an employee's moving expenses are includable in the employee's gross income. Section 62(8) allows the deduction for moving expenses under section 217 as a deduction in computing adjusted gross income. Section 217 specifies the requirements which must be met in order to qualify for a moving expense deduction. We agree with respondent that petitioners must include the reimbursement for moving expenses in income pursuant to section 82. However, we will allow petitioners to develop fully the facts concerning their move from Canton to Dallas before deciding whether they are entitled to a correlative moving expense deduction under sections 62(8) and 217. Rule 121, Tax Court Rules of Practice and Procedure, allows us to specify facts in controversy. In addition to the incomplete factual *241 development noted above, there is an important internal inconsistency in the stipulation of facts. The parties stipulated that "John Noneman was employed by Leasco Systems Corporation as a consultant from October 18, 1971 to October 26, 1973." We are unable to reconcile that stipulated fact with exhibits 1-A and 2-B which are incorporated in and made a part of the stipulation of facts and which are reproductions of petitioner's Wage and Tax Statements (W-2 Forms) for 1972 and 1973. For 1972 petitioner received two W-2 Forms. One form listed petitioner's employer as "Leasco Response Inc., 5401 Westbard Ave Bethesda, MD 20016." The other form listed petitioner's employer as "Leasco Systems Corporat., 1234 Summer Street Stamford Conn. 06905." For 1973 petitioner received two W-2 Forms. One form listed petitioner's employer as "LeascoCapital Equipment Corp, 1 Linden Pl, Great Neck, NY." The other form listed petitioner's employer as "Tres Computer Systems, Inc., 1524 Fidelity Union Bldg, Dallas, Texas 75201." The duration of petitioner's employment with any of these employers is nowhere indicated, nor do we know whether the employers were concurrent or consecutive in each year. *242 Clarification of this factual inconsistency may be important to the ultimate determination of this case. For example, it seems that the deductibility of petitioner's expenses under section 162 will depend in part on the application to travel expenses of the distinction between "temporary," "indefinite," and "permanent" employment. Peurifoy v. Commissioner,358 U.S. 59 (1958): Tucker v. Commissioner,55 T.C. 783 (1971); Kroll v. Commissioner,49 T.C. 557 (1968). Petitioner's apparent change of employers may indicate that his status on the Detroit project was quite tenuous at all times.On the other hand, nothing more than an administrative formality may underlie the changes. With respect to the moving expense deduction, we are curious about the relationship among the following factors: The timing of petitioners' move from Canton to Dallas; the dates when petitioner changed employers; the identity of the reimbursing employer; the change, if any, in petitioner's principal place of work; and the requirements or inducements of the employers *243 regarding place of residence. See section 1.217-2(a)(3)(i), Income Tax Regs.
When acting on a motion for summary judgment, it is appropriate for us to render a decision only if-- the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * * [Rule 121(b), Tax Court Rules of Practice and Procedure.] Pursuant to section 82, petitioners must include in their income for 1972 the amounts received by petitioner as reimbursement for moving expenses. Petitioners are entitled to a correlative moving expense deduction under section 217 to the extent that they can establish the necessary elements of such a deduction. Pursuant to section 61(a), the amounts received by petitioner in 1972 and 1973 as reimbursement for other expenses are includable in petitioners' income for those years. However, respondent's reporting requirements may have allowed petitioners to not *244 report the reimbursements. When additional facts are ascertained at trial or agreed to by the parties through stipulation, the amount of petitioners' allowable deductions will be determinable. We encourage the parties to develop the material facts of the case completely and consistently. We remind petitioners that the Commissioner's determination is presumed to be correct and that petitioners bear the burden of proof in this proceeding.If petitioners rely solely on the facts as stipulated at trial, we would have no choice but to hold in respondent's favor on the ground that petitioners have failed to carry their burden of proof. The issues presented in this case involve ultimate findings of fact which have not been stipulated. Accordingly, a motion for summary judgment cannot be granted because questions of material fact are involved. See Rule 121, Tax Court Rules of Practice and Procedure.
An appropriate order will be entered.
Footnotes
1. Respondent has since conceded that petitioners are not liable for any additions to tax. ↩
2. All section references are to the Internal Revenue Code of 1954, as amended.↩
3. The stipulation of facts does not indicate whether petitioner spent all of his workdays in Detroit, or whether he spent a portion of the workweek elsewhere. ↩
4. The stipulation of facts contains an ambiguity concerning the identity and the number of petitioner's employers for the years in issue.↩
5. Sec. 1.162-17(b)(1)↩ goes on to require that "[in] such a case the taxpayer need only state in his return that the total of amounts * * * received from the employer as advances or reimbursements did not exceed the ordinary and necessary business expenses paid or incurred by the employee." Petitioners' tax returns for 1972 and 1973 do not contain any statement regarding the incurrence of/or reimbursement for business expenses.
6. The instant case is distinguishable from Lickert v. Commissioner,T.C. Memo 1964-47, which petitioners strongly rely on. In Lickert,↩ respondent did not question the qualification of the expenses there as ordinary and necessary business expenses but rather questioned petitioner's substantiation of the expenses. The primary issue here, consistent with respondent's notice of deficiency, is whether petitioner's expenditures qualify for treatment as deductible business expenses.