PEURIFOY et al. v. COMMISSIONER
OF INTERNAL REVENUE.

No. 46.   Argued October 16, 20, 1958.—Decided November 10, 1958.

*Daniel R. Dixon* argued the cause for petitioners. With him on the brief was *Martin F. O'Donoghue.*

*Earl E. Pollock* argued the cause for respondent, *pro hac vice,* by special leave of Court.   With him on the brief were *Solicitor General Rankin, Assistant Attorney General Rice, Lee A. Jackson* and *Melva M. Graney.*

PER CURIAM.

The petitioners were employed as construction workers at a site in Kinston, North Carolina, for continuous periods of 20½ months, 12½ months, and 8½ months, respectively, ending in the year 1953.   Each of the petitioners maintained a permanent residence elsewhere in North Carolina.   In reporting his adjusted gross income for 1953 each petitioner deducted amounts expended for board and lodging at Kinston during the period of employment there, and for transportation from Kinston to his permanent residence upon leaving that employment.   These deductions were disallowed by the respondent.   Ensuing Tax Court proceedings resulted in a decision in favor of the petitioners.   27 T. C. 149.   The Court of Appeals reversed.   254 F. 2d 483.   We granted certiorari, 356 U. S. 956, to consider certain questions as

to the application of § 23 (a)(1)(A) of the Internal Revenue Code of 1939* raised by the course of decisions in the lower courts since our decision in *Commissioner* v. *Flowers*, 326 U. S. 465. However, as the case has been presented to us we have found it inappropriate to consider such questions.

The issue is whether the amounts in question constituted allowable deductions under § 23 (a)(1)(A). Generally, a taxpayer is entitled to deduct unreimbursed travel expenses under this subsection only when they are required by "the exigencies of business." *Commissioner* v. *Flowers, supra.* Application of this general rule would require affirmance of the judgment of the Court of Appeals in the present case.

To this rule, however, the Tax Court has engrafted an exception which allows a deduction for expenditures of the type made in this case when the taxpayer's employment is "temporary" as contrasted with "indefinite" or "indeterminate." Compare *Schurer* v. *Commissioner*, 3 T. C. 544; *Leach* v. *Commissioner*, 12 T. C. 20; *Albert* v. *Commissioner*, 13 T. C. 129, with *Warren* v. *Commissioner*, 13 T. C. 205; *Whitaker* v. *Commissioner*, 24 T. C. 750. The respondent does not in the present case challenge the validity of this exception to the general rule.

Resolution of this case as presented to us turns, therefore, upon a narrow question of fact—Was the petitioners'

---

*"§ 23. DEDUCTIONS FROM GROSS INCOME.

"In computing net income there shall be allowed as deductions:

"(a) EXPENSES.

"(1) TRADE OR BUSINESS EXPENSES.

"(A) IN GENERAL.

"All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including . . . traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; . . . ." 26 U. S. C. (1952 ed.) § 23 (a)(1)(A).

employment "temporary" or "indefinite"? The Tax Court, stating that "each case must be decided upon the basis of its own facts and circumstances," 27 T. C., at 157, found that their employment was temporary. The Court of Appeals, also recognizing that the question was "one of fact," held that on the record the Tax Court's finding of temporary employment was "clearly erroneous." 254 F. 2d, at 487.

In reviewing the Tax Court's factual determination, the Court of Appeals has made a fair assessment of the record. 26 U. S. C. (Supp. V) § 7482; Rule 52 (a), Fed. Rules Civ. Proc.; cf. *Universal Camera Corp.* v. *Labor Board,* 340 U. S. 474. That being so, this Court will not intervene. *Federal Trade Commission* v. *Standard Oil Co.,* 355 U. S. 396, 400–401; *Labor Board* v. *Pittsburgh S. S. Co.,* 340 U. S. 498, 502–503.

*Affirmed.*

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BLACK and MR. JUSTICE WHITTAKER concur, dissenting.

As *Commissioner of Internal Revenue* v. *Flowers* [1] indicated, the prerequisites to a deduction for travel expenses under § 23 (a)(1)(A)[2] are threefold: The expenses must be reasonable and necessary,[3] they must be incurred while "away from home," and there must be a "direct connection between the expenditure and the carrying on of the trade or business *of the taxpayer or of his employer.*" (Emphasis supplied.) 326 U. S., at 470. I think the taxpayers in this case have met those conditions and should be allowed the claimed deductions.

---

[1] 326 U. S. 465.

[2] § 162 (a)(2) of the 1954 Internal Revenue Code, 26 U. S. C. (Supp. V) § 162 (a)(2).

[3] There is no contention made that the expenses here were not reasonable and necessary.

The meaning of "home" was expressly left undecided in *Flowers* but is squarely presented in the instant case.[4] I disagree with the Commissioner's contention that "home" is synonymous with the situs of the employer's business. Such a construction means that the taxpayer who is forced to travel from place to place to pursue his trade must carry his home on his back regardless of the fact that he maintains his family at an abode which meets all accepted definitions of "home." I do not believe that Congress intended such a harsh result when it provided a deduction for traveling expenses. These construction workers do not have a permanent locus of employment as does the merchant or factory worker. They are required to travel from job to job in order to practice their trade. It would be an intolerable burden for them to uproot their families whenever they change jobs, if those jobs happen to take them to a different locality. When they do not undertake this burden they are living "away from home" [5] for the duration of the term of the jobs.[6]

---

[4] The Court's opinion does not reach this question because it decides the case on a ground not raised by the respondent. See note 6, *infra*. Instead it affirms the Court of Appeals decision as relying on a factual determination. The Court of Appeals reversed the Tax Court because it thought the latter tribunal had unwarrantedly extended the "exception" to the *Flowers* case for expenses while "temporarily" away from home. Both courts agreed that taxpayers were away from their actual homes, but the Court of Appeals thought the absence of such duration precluded a deduction. Nowhere in the statute or in *Flowers* is a distinction made between "temporary" and "indefinite" absences from home, and in fact such a distinction improperly emphasizes duration of the absence as the determinative factor in deciding where the taxpayer's "home" actually is.

[5] This definition of "home" will not permit any taxpayer who lives apart from his family to deduct his maintenance expenses, no matter what the nature of his trade or his employer's business. If the ex-

· We have, then, not a question of fact which should be resolved below rather than here. We have a mixed question of law and fact. The facts will turn largely on the resolution of the question of law. The error below was mainly in assuming (albeit silently) a narrow construction of the statutory term "home."

---

penses are necessary and appropriate to neither the employer's business nor the employee's trade, they are personal expenses under § 24 (a) (1) (§ 262 of the 1954 Internal Revenue Code). And of course the facts may show that a taxpayer has in fact abandoned his original "home" as his principal place of residence.

[6] The *Flowers* case does not hold, as the Court suggests, that the deduction is necessarily unavailable if not required by the exigencies of the *employer's* business. In that case a traveling expense deduction was denied a lawyer employed by a railroad who chose to maintain his home in Jackson, Mississippi, although, as the Court found, the permanent place of his business was in Mobile, Alabama. The Court held the expenses of traveling between Jackson and Mobile were not appropriate or necessary to the railroad's business. In the present case, however, the expenses incurred were necessary, not to the business of the contractor for whom the taxpayers worked, but for the taxpayers themselves in order to carry on their chosen trade. *Flowers* did not decide that, because expenses are not required by the employer's business, they can never be justified as necessary to the employee's trade. The Government does not here contend that the expenses were nondeductible because inappropriate to the trade or business of the employer, the ground of decision in *Flowers*. Such a contention was not assigned as a reason for disallowance of the deduction nor presented to the courts below.