Mike P. and Cecelia Mirkovich v. Commissioner.
Mirkovich v. Commissioner
Docket No. 1961-69 "SC".
United States Tax Court
T.C. Memo 1969-263; 1969 Tax Ct. Memo LEXIS 30; 28 T.C.M. (CCH) 1346; T.C.M. (RIA) 69263; December 9, 1969, Filed Mike P. Mirkovich, pro se, 1420 N. Berry Rd., Rock Hill, Mo. Tom G. Parrott, for the respondent. SCOTT Memorandum Opinion SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1966 in the amount of $467.93. The only issue for decision is whether petitioner is entitled to a deduction for amounts he spent for meals and lodging while working at Ft. Leonard Wood, Missouri, and the cost of driving his automobile weekends on round trips to St. Louis from Ft. Leonard Wood, Missouri. All of the facts have been stipulated and are found accordingly. Petitioners, husband and wife who resided in St. Louis, Missouri at the time *31 of the filing of their petition in this case, filed their joint Federal income tax return for the calendar year 1966 with the district director of internal revenue at Kansas City, Missouri. Mike P. Mirkovich (hereinafter referred to as petitioner) was first employed by the U.S. Army Corps of Engineers in February of 1941. He has remained as an employee of the Corps of Engineers from that time until the present. During the calendar year 1966 petitioner was an assistant resident engineer at Ft. Leonard Wood, Missouri. On May 5, 1963, petitioner was reassigned to the Milford resident office with his post of duty at Junction City, Kansas, and on August 2, 1964, was reassigned to the Kansas City area office with his post of duty at St. Louis, Missouri. Petitioner was reassigned on July 11, 1965 to the Ft. Leonard Wood resident office with his post of duty at Ft. Leonard Wood, Missouri. He remained at the Ft. Leonard Wood resident office until February 12, 1967, when, at his own request, he was transferred to the St. Louis district office with his post of duty at St. Louis, Missouri. In September of 1967 petitioner was transferred to Chester, Illinois where he is employed at present. *32 Upon petitioner's reassignment to Ft. Leonard Wood, Missouri, effective July 11, 1965, he was issued travel orders on Form 662 by the U.S. Army Engineer District, Kansas City, Missouri. These orders dated July 1, 1965, were designated as "PCS" travel orders. "PCS" stands for "permanent change of station." The travel orders provided that petitioner was to proceed on or about July 11, 1965, to the Ft. Leonard Wood project. Under the designation "approximate number of days" on the form, appeared the figure "1." Transportation was authorized by "privately-owned vehicle at rate of 12 cents per mile." The orders showed that petitioner had dependents, that he requested the transfer of his dependents who consisted of his wife and 16-year-old son, and that transportation of these dependents was authorized by "privately-owned conveyance at a later date." The orders also showed that petitioner was authorized "movement of household goods not in excess of 7000 pounds net weight." Under remarks on the form, there was the notation "Possible storage of household goods not to exceed 60 days authorized." Petitioner received from the U.S. Army Corps of Engineers a per diem living 1347 allowance *33 in the total amount of $4 and private automobile mileage expenses in the total amount of $24.36 as reimbursement for the expenses of his transfer to Ft. Leonard Wood, Missouri. Petitioner received no further reimbursement. If petitioner's travel orders had been designated as temporary duty orders, he would have received a per diem living allowance of $4 per day during the duration of his temporary duty in accordance with the provisions of Civilian Personnel, Joint Travel Regulations, Volume 2, of the Department of Defense. When petitioner was transferred by the Corps of Engineers, Kansas City District, from St. Louis, Missouri to Ft. Leonard Wood, Missouri, it was with the understanding that he would be at Ft. Leonard Wood for approximately 5 years. Since Ft. Leonard Wood is in a relatively isolated area with appropriate housing not readily available, petitioner attempted to find proper housing for his family in either Rolla, Missouri or Lebanon, Missouri, which are 35 and 40 miles, respectively, from Ft. Leonard Wood. Petitioner found it difficult to locate suitable housing, and while he was in the process of attempting to find appropriate housing for his family, new contract *34 work at Ft. Leonard Wood was curtailed in accordance with a freeze order put into effect with respect to new starts of military construction. When petitioner first went to Ft. Leonard Wood there were 35 employees of the U.S. Corps of Engineers located there. Within a few months after petitioner's assignment to Ft. Leonard Wood some of the employees began to be transferred to various other projects of the Corps of Engineers. Petitioner did not know whether he would remain at Ft. Leonard Wood or be transferred to another defense contract project or to the Stockton Dam in Missouri, a civil works contract. He therefore did not further pursue the obtaining of a house for his family in Rolla or Lebanon, Missouri. Since petitioner did not want to remain in suspense as to whether he would be transferred from Ft. Leonard Wood, Missouri, in January 1967, he requested to be transferred to the St. Louis District Corps of Engineers. On February 12, 1967 he was transferred pursuant to his request and put in charge of construction of the Kaskaskia Lock and Dam on the Kaskaskia River near Chester, Illinois. When petitioner transferred to the St. Louis District of the Corps of Engineers in February *35 1967, there were 15 employees of the Corps of Engineers still at Ft. Leonard Wood. In September of 1964 petitioner purchased a house located in St. Louis, Missouri, and has maintained this house as his family's residence from September of 1964 to the present time. During the calendar year 1966 petitioner spent $420 for meals while at Ft. Leonard Wood and $521.50 for lodging. In addition he spent $1,232.80 computed on the basis of 12,328 miles at 10 cents a mile in driving his automobile to and from Ft. Leonard Wood to his house in St. Louis, Missouri on weekends. On their joint Federal income tax return for the calendar year 1966 petitioners claimed as "employment expense" a deduction of $2,174.30 composed of the amounts petitioner expended for meals and lodging at Ft. Leonard Wood and the mileage cost of traveling for weekends from Ft. Leonard Wood to St. Louis, Missouri and return. Respondent in his notice of deficiency disallowed the claimed deduction with the explanation that petitioner had not established that any amount of the claimed deduction was incurred while petitioner was away from his "tax home, which has been determined to be Ft. Leonard Wood, Missouri." Petitioner *36 states that originally his transfer to Ft. Leonard Wood was intended to be a permanent change of duty station and that it was his understanding at the time that he would be at his new permanent station for approximately 5 years. Petitioner argues that in spite of the intention at the time of his transfer, circumstances changed when no new construction was started at Ft. Leonard Wood and his duty at Ft. Leonard Wood was in fact temporary. Petitioner states that the reason he did not move his family to Ft. Leonard Wood immediately upon his transfer was the difficulty he encountered in locating suitable housing. He contends that after he had been at Ft. Leonard Wood for a few months, he would have been foolish to move his family from St. Louis since he thought he might be transferred at any time. Petitioner states that due to the uncertainty of the length of time he would remain at Ft. Leonard Wood, after a few months he stopped planning to move his family to his new post of duty, thereby saving both himself and the government the expense of two moves. 1348 The record is clear that petitioner's transfer to Ft. Leonard Wood was intended to be, and in fact, when made, was a permanent *37 change of station for him. The record supports the conclusion that Ft. Leonard Wood remained petitioner's permanent duty station throughout the time he remained at Ft. Leonard Wood. However, if petitioner's argument with respect to his feeling that he might at any time be transferred away from Ft. Leonard Wood and his feeling of not liking the suspense of the possibility of such a transfer are considered in any way to affect the nature of his assignment to Ft. Leonard Wood, the most that would be shown would be that petitioner was stationed at Ft. Leonard Wood for an indefinite or indeterminate period. Section 162(a)(2), I.R.C. 1954, [1] provides for the deduction by a taxpayer of traveling expenses while away from home in the pursuit of a trade or business. This court and other courts have in numerous cases considered the question of when a taxpayer is "away from home" within the meaning of section 162(a)(2) and its predecessor provision under the 1939 Code. In a number of cases we have held that if a taxpayer's employment at a particular location is temporary, such taxpayer may be considered to be away from home within the meaning of the statute, but if his *38 employment at such location is indefinite or indeterminate he is not away from home within the meaning of the statute. Emil J. Michaels, 53 T.C. - (Nov. 18, 1969). The place at which a taxpayer is employed for an indefinite or indeterminate period is considered to be his home for the purpose of section 162. See Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958), and cases there cited. The evidence in this case does not support the contention that petitioner seems to be making that Ft. Leonard Wood was an area where it was not feasible for his family to accompany him. In fact, the inference from the evidence is that petitioner would have obtained housing in the Ft. Leonard Wood area for his family and moved his family to the *39 area except for the fact that a few months after his transfer to Ft. Leonard Wood he became uncertain as to how long he would remain in the area. The evidence further shows that the government authorized his reimbursement for moving expenses for his family and his household furnishings from St. Louis to Ft. Leonard Wood. However, even if petitioner's new "permanent * * * station" were one to which he was unable to move his family, such "permanent duty station" would still be considered to be his "home" within the meaning of section 162(a)(2). Commissioner v. Stidger, 386 U.S. 287 (1967). We, therefore, sustain respondent in his disallowance of petitioners' claimed deduction of $2,174.30 as "employment expense" for the calendar year 1966. Decision will be entered for respondent. Footnotes
1. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) * * * There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; and * * *↩