Timothy Howard and Mildred Howard v. Commissioner.
Howard v. Commissioner
Docket No. 1358-69 SC.
United States Tax Court
T.C. Memo 1970-88; 1970 Tax Ct. Memo LEXIS 272; 29 T.C.M. (CCH) 413; T.C.M. (RIA) 70088; April 20, 1970, Filed. Henry Gelles, Box 590, Lake Placid, N. Y., for the petitioners. Rudolph J. Korbel, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined a deficiency in petitioners' Federal income tax for 1967 in the amount of $125.18. The only issue remaining for decision is whether certain week-end round trips between petitioner's temporary employment and his residence are deductible as ordinary and necessary trade or business expenses under *273 section 162(a)(2) of the Internal Revenue Code of 1954. [1]
All the facts have been stipulated. The stipulation and exhibits attached thereto are incorporated herein by this reference. Petitioners are Timothy Howard (hereinafter sometimes referred to as Timothy or petitioner) and his wife, Mildred Howard. They resided at Bloomingdale, New York at the time the petition herein was filed. Their joint Federal income tax return for the calendar year 1967 was filed with the district director of internal revenue, Albany, New York. In 1967, Timothy was temporarily employed as a plumber at Albany, New York. He worked for 42 weeks of 1967 in Albany, and at the same time maintained a residence in Bloomingdale, New York, where his family lived. In petitioner's 1967 return Timothy deducted, inter alia, $1,260 as a business expense, which was the cost of 42 round trips that he made between Albany and Bloomingdale, based on an estimate of 300 miles per trip at 10 cents a mile. He also deducted expenses for his food, lodging and utilities while in Albany. 414 Respondent *274 allowed the food-lodging expense and one round trip of 300 miles, but disallowed the deduction for the other 41 week-end round trips and in lieu thereof substituted a deduction of $246, which was an estimate of the amount of money Timothy would have expended on food on the weekends in Albany if he had not journeyed to Bloomingdale. Respondent contends that the 41 weekend trips home were no more than personal living or family expenses, which are nondeductible under section 262; [2] that they were not necessary to Timothy's temporary employment in Albany, but were merely to visit his family. Petitioner, on the other hand, argues that these were "ordinary and necessary" travel expenses of his employment, and deductible under section 162(a)(2). [3]
*275 The Supreme Court, in Commissioner v. Flowers, 326 U.S. 465, 470 (1946), prescribed three conditions necessary to qualify a traveling expense as a deduction within the purview of section 162(a)(2). These were as follows: (1) The expense must be a reasonable and necessary traveling expense; (2) The expense must be incurred "while away from home"; (3) The expense must be incurred in pursuit of business. The burden of proof is on petitioner to show that the week-end trips fulfill these conditions. While admittedly Timothy's travel expenses necessary to and in pursuit of his "temporary employment" are deductible, Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958), there is absolutely no evidence in the record that the week-end trips were so related to his employment. In fact, they are described in the petition as follows: He returned home each weekend to spend time with his wife and three children, who attended a local school, and to otherwise look after his residence, and other usual and normal affairs. We must conclude that Timothy's weekend trips were to visit his family, as respondent contends. Petitioner has not met his burden of proof that the *276 expenses were business expenses, and not personal. According, we hold for respondent. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise indicated.↩
2. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩
3. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; and * * *↩