IRA L. PATRICK AND MAISIE S. PATRICK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Patrick v. Commissioner
Docket No. 3701-76.
United States Tax Court
T.C. Memo 1977-153; 1977 Tax Ct. Memo LEXIS 287; 36 T.C.M. (CCH) 655; T.C.M. (RIA) 770153; May 23, 1977, Filed Ira L. Patrick and Maisie S. Patrick, pro se. Eric B. Jorgensen, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: Respondent determined a deficiency of $1,802.75 and an addition to tax under section 6653(a) [1] of $90.14 in petitioners' Federal income tax for 1974. Due to concessions by the parties, the only question remaining for decision is whether certain expenditures of petitioner Ira L. Patrick during 1974 are deductible as "traveling expenses * * * while away from home" within the meaning of section 162(a)(2). *288 FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by reference and are found accordingly. Ira L. Patrick (petitioner) and Maisie S. Patrick (Maisie), the petitioners herein, resided in Creswell, North Carolina, at the time of filing their petition in this case. They timely filed their 1974 joint Federal income tax return with the Internal Revenue Service Center, Memphis, Tennessee. Petitioner has been a pipefitter and welder for twenty years. From June 21, 1971, to October 24, 1974, he was employed in that occupation by Bechtel Power Corporation (Bechtel) of San Francisco. From June, 1971, to December, 1971, he worked on the Potomac Electric and Power Company nuclear power project in Newburg, Maryland. When this project closed on December 16, 1971, he was transferred to and worked on the Baltimore Gas and Electric Company's Calvert Cliffs nuclear power plant project at Lusby, Maryland. Petitioner worked for Bechtel in Newburg and Lusby because he was unable to find work in his trade or business in Creswell. Through his local union he sought work in North Carolina *289 throughout his employment in Lusby. He voluntarily quit the project on October 24, 1974, when he found work with Tompkins-Beckwith, Inc., as a pipewelder on a construction project at Weyerhaeuser Company in Plymouth, North Carolina, which is approximately 25 miles from Creswell. Petitioners' hometown is Creswell.They have lived there for over forty years. They own a home in Creswell where they live with their three children. The children attend school there. Petitioners pay real estate and income taxes in North Carolina; they vote there; and they operate a business there. In addition to petitioner's job as a pipewelder, both petitioners own eight mobile homes in Creswell as rental property. Maisie handles the rent collection and petitioner does the maintenance work. When petitioner was transferred to Lusby, he returned every weekend and spent Saturdays and half days on Sundays maintaining and repairing the mobile homes and sites. Since Creswell does not have city water, the acid in the water continually erodes the pipes, requiring constant attention. If any emergencies occurred during the week, Maisie's uncle serviced them in petitioner's absence. Maisie never visited *290 Lusby and depended on her husband to return to Creswell to tend the business and to spend time with his family. Petitioner made no commitment to the Lusby project as to length of employment and was told nothing concerning the duration of his assignment.His employment on the project was subject to termination at any time without notice at the discretion of the company. While on the project he rented a room in a rooming house during the week and returned to Creswell almost every weekend.The schools around Lusby were crowded and there was no suitable housing near the work site. On their joint Federal income tax return for 1974, petitioner claimed business expense deductions of $4,300 (215 days at $20 a day for meals and lodging away from home); $3,714 (transportation); and $148 (tolls). ULTIMATE FINDINGS OF FACT 1. Petitioner's employment in Lusby in 1974 was temporary. 2. Petitioner's "home" for tax purposes during 1974 was Creswell. OPINION At trial respondent conceded that petitioners have substantiated their claimed expenditures in the amount of $8,162 and that they are not liable for the negligence penalty. Petitioners have conceded the disallowance of taxes *291 in the amount of $253. Petitioners have not shown that union dues ( $272) and a tax preparation fee ( $45) are adjustments to gross income rather than itemized deductions. Section 162(a)(2) permits a deduction for "traveling expenses (including amounts expended for meals and lodging * * *) while away from home in the pursuit of a trade or business." Three conditions must be met to qualify for such a deduction. The expenses must have been ordinary and necessary, incurred while away from home, and incurred while in the pursuit of a trade or business. Commissioner v. Flowers,$3 326 U.S. 465 (1946).The narrow factual issue here is whether petitioner's expenses in Lusby were incurred "while away from home." Petitioner claims that Creswell is his "home." Respondent argues that petitioner was not away from home when he incurred expenses while working in Maryland. We agree with petitioner. This Court has held that "home" for purposes of section 162(a)(2) is equated to a taxpayer's principal place of employment, even though his personal residence is elsewhere. Kroll v. Commissioner,49 T.C. 557, 561-62 (1968); Bochner v. Commissioner,67 T.C. No. 65 (1977). *292 But where the employment is temporary rather than indefinite, we have recognized that a taxpayer's principal place of business is not his "tax home" within section 162(a)(2). Peurifoy v. Commissioner,358 U.S. 59 (1958); Michaels v. Commissioner,53 T.C. 269, 273 (1969), and cases cited therein. The purpose underlying this exception is to avoid the burden of duplicate living expenses while at a temporary job site. Tucker v. Commissioner,55 T.C. 783 (1971). The interpretation of when a temporary job extends into indefinite employment is rendered more difficult by the myriad of cases on the subject, all turning upon consideration of the specific facts and circumstances of each case. Tucker v. Commissioner,supra at 786. Upon examination of these cases it becomes "apparent that neither reconciliation nor deduction of a universally applicable rule is possible." Whitman v. United States,248 F. Supp. 845, 850 (W.D. La. 1965). As a result we have used our best judgment to weigh the facts herein to determine that petitioner prudently decided not to transfer his "tax home" to his job site. Relevant *293 considerations include the nature of petitioner's specific job, the reasonableness of choosing to live away from his family resulting in duplicate living expenses, and the financial and familial contacts and interests the petitioner has with his original residence. At all times the petitioner considered his assignment at Lusby to be temporary. He accepted fulltime employment away from home only when he was unable to find any work in his trade or business near Creswell. Throughout his assignment in Maryland he persisted in his efforts, with the aid of his union, to obtain a job near his home, family, and rental business. He made no commitments to the project as to length of employment and was informed by Bechtel that he could be laid off without notice at any time at their discretion.He voluntarily resigned from work on the Lusby project as soon as he located a job near Creswell. While on the Maryland assignment petitioner lived in a rooming house and returned home every weekend to see his family and maintain the rental business he and his wife owned. Maisie had responsibility for collecting the rent from these eight mobile homes, but she depended upon petitioner to manage the *294 other aspects of the business. He spent a considerable amount of time each weekend tending to these business matters, which involved repair and maintenance of each mobile home and surrounding property. Petitioners lived in the same place for over forty years. They had family there. They voted there. They raised three children there. They paid property and income taxes in North Carolina. While none of these facts is solely dispositive of the issue, the combination of all factors is significant to fortify our conclusion. Petitioner was involved in two jobs, one at Lusby and another at Creswell.He took great care to preserve the latter business during his temporary absences through constant attention to it on the weekends.We do not feel compelled to suggest that the petitioner forego one business that is secure and producing steady income to move his tax home to a tandem job that is less stable and subject to termination at any time. This conclusion is bolstered by petitioner's long-time residency and economic ties with Creswell. We also think it significant that the lack of suitable housing and schools in Lusby, combined with the risky job situation there, acted as a deterrent *295 to moving his family from their home, schools and community. All things considered, we hold that Creswell, North Carolina, was petitioner's "home" within the meaning of section 162(a)(2). He is therefore entitled to deduct the expenses incurred for meals and lodging while in Lusby, Maryland, during 1974, and the transportation expenses incurred from Creswell to Lusby and return. To reflect the conceded issues and our conclusions herein, Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years involved, unless otherwise indicated.↩