WICKLIFFE B. and DOROTHY E. HENDRY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hendry v. Commissioner
Docket No. 10588-80.
United States Tax Court
T.C. Memo 1981-740; 1981 Tax Ct. Memo LEXIS 5; 43 T.C.M. (CCH) 232; T.C.M. (RIA) 81740; December 31, 1981. Wickliffe B. Hendry, pro se. Barry Bledsoe, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar years 1977 and 1978 in the amounts of $ 2,374 and $ 2,273, respectively. The issue for decision is whether petitioners are entitled to deductions in the amounts of $ 6,125.72 and $ 5,952.84 for the calendar years 1977 and 1978, respectively, for the living expenses incurred by Wickliffe B. Hendry in connection with his employment at Eglin Air Force Base in Okaloosa County, Florida (Eglin). All of the facts have been stipulated and are found accordingly. Petitioners, husband *6 and wife, who resided in Huntsville, Alabama, at the time of the filing of their petition in this case, filed a joint Federal income tax return for each of the years 1977 and 1978 with the Internal Revenue Service Center in Chamblee, Georgia. From June 1962 through December 11, 1976, Wickliffe B. Hendry (petitioner) was employed as a general engineer with the Ballistic Missile Defense System Command, United States Army, in Huntsville, Alabama. During this period, petitioner and his wife lived in Huntsville where his wife was a teacher at the Huntsville High School. Petitioner was informed by a reduction in force (RIF) notice dated October 6, 1976, that he would be separated from his position of general engineer in Huntsville, Alabama, effective December 10, 1976. Petitioner appealed the anticipated RIF action to the Civil Service Commission. However, before the Civil Service Commission's decision became final, petitioner transferred to Eglin Air Force Base, Okaloosa County, Florida, effective December 12, 1976. At the time of his transfer to Eglin, petitioner was eligible for civil service retirement because of the RIF, but rather than opting for early retirement, petitioner *7 chose to accept the transfer to Eglin because he could maintain his current GS-14 salary until September 1978 at which time it would decrease by about $ 9,000 per year. Also, petitioner would become 60 years of age on December 11, 1978, and be eligible for military reserve retirement pay. Upon acceptance of the position in Eglin, petitioner lost his eligibility for retirement because of the RIF notice and was not eligible for civil service retirement until December 1978. The Notification of Personnel Action given to petitioner in connection with his transfer showed the action to be "TRANSFER - CAREER" effective December 12, 1976, and showed the name of the position as "GENERAL ENGINEER", grade 12. Under date of December 6, 1976, petitioner received "Request and Authorization for DOD Civilian Permanent Duty Travel" by which he was authorized one-way travel between Huntsville and Eglin, temporary subsistence for 30 days, and shipment of household goods. The normal moving expenses authorized to petitioner had he chosen to move his family and household effects to Eglin would have been granted to him had he made the move anytime within two years from the date of his transfer. When *8 petitioner accepted the transfer to Eglin, it was his intention to remain there only through December 1978 even though there was no limitation on his right to remain employed there after that date. Petitioner's wife did not move to Eglin with petitioner since she did not want to give up her job as a teacher at Huntsville High School to move to Florida for a two-year period. During 1977 and 1978 petitioner continued to pay Alabama income tax and to vote in Alabama. On their joint Federal income tax returns for the years 1977 and 1978, petitioners claimed $ 6,125.72 and $ 5,952.84, respectively, as the expenses for apartment rent, utilities, and travel home on weekends incurred by petitioner in connection with his employment at Eglin. Respondent in his notice of deficiency disallowed these claimed expenses. The parties agree that petitioner has substantiated the expenditures in connection with his stay at Eglin and the only issue is whether these amounts are properly deductible. Section 162(a) [1] provides for the allowance of a deduction for all ordinary and necessary expenses paid by a taxpayer during the taxable year in carrying on a trade or business and subsection (2) thereof *9 provides that these expenses include traveling expenses while away from home in pursuit of a trade or business. It has long been settled that in order for a taxpayer to be entitled to a deduction for expenses incurred in living away from his family residence, the expenses must be (1) reasonable and necessary, (2) incurred while away from home, and (3) incurred in the pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. 465 (1946). Respondent in the instant case contends that petitioner's expenses were not incurred while away from home within the meaning of section 162(a)(2) and that they were not incurred in the pursuit of a trade or business within the meaning of that section. As was pointed out in Commissioner v. Flowers, supra, where a taxpayer's principal place of employment is other than the place of his residence, living expenses incurred by the taxpayer at his principal place of employment, because he chooses for personal reasons not to move his residence, are not expenses *10 incurred in the taxpayer's trade or business. Rather, under these circumstances, the expenses are incurred for the personal reason that causes the taxpayer not to choose to move his family home. This Court has consistently held that a taxpayer who chooses for personal reasons not to move his family residence to his principal place of employment does not incur the living expenses at his principal place of employment because of his business but rather because of his personal choice of a place to live. This Court has further held that as a general rule the term "home" as used in section 162(a)(2) means the vicinity of a taxpayer's principal place of employment rather than the location of his family residence. Daly v. Commissioner, 72 T.C. 190, 195 (1979), affd.     F.2d     (4th Cir. Oct. 14, 1981). An exception to this rule has been recognized where the principal place of employment of a taxpayer is temporary rather than indefinite. In such a case the taxpayer's home is not changed and his expenses at the place of his temporary employment are deductible both because he is away from home and because the expenses are incurred in pursuit of his trade or business. *11 Stricker v. Commissioner, 54 T.C. 355 (1970), affd. 438 F.2d 1216 (6th Cir. 1971). Whether this case is approached from the standpoint of determining if petitioner was "away from home" while working at Eglin or from the standpoint of determining if petitioner's living expenses at Eglin were "incurred in pursuit of a trade or business," the result is the same. Petitioner is not entitled to deduct the cost of his living expenses at Eglin unless his employment there was temporary rather than indefinite or indeterminate. See Steinhort v. Commissioner, 335 F.2d 496, 504 (5th Cir. 1964), affirming and remanding a Memorandum Opinion of this Court. See also Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958). The facts here clearly show that petitioner's employment at Eglin was not temporary. Petitioners, however, argue that since petitioner's intent was to remain employed at Eglin for only two years, petitioner's employment was temporary. The subjective intent of a taxpayer as to the length of time he may wish to remain in a position which itself is indefinite or indeterminate is not the controlling criterion. This subjective *12 intent may change from time to time. The ultimate question is whether the nature of the position in which a taxpayer is employed is such that he could reasonably have been expected to move his residence. Tucker v. Commissioner, 55 T.C. 783, 786 (1971). On the basis of the record in this case, we conclude that petitioner's employment at Eglin was not temporary but was indefinite or indeterminate. Even though during the years here in issue it may have been petitioner's subjective intent to remain in the position at Eglin only for two years until he became 60, his position or employment at Eglin was not temporary. Likewise, the fact that petitioners maintained their home in Hunsville because petitioner's wife was employed there does not cause petitioner to be entitled to deduct his living expenses at a place where he was employed in an indefinite or indeterminate position. Mitchell v. Commissioner, 74 T.C. 578, 584 (1980). Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩