ROBERT E. TERRY and CYNTHIA E. TERRY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Terry v. Commissioner
Docket No. 16094-83.
United States Tax Court
T.C. Memo 1984-457; 1984 Tax Ct. Memo LEXIS 216; 48 T.C.M. (CCH) 963; T.C.M. (RIA) 84457; August 28, 1984. Robert E. Terry, pro se. Scott E. Itkin, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in petitioners' Federal income tax as follows: Year
Deficiency
1979
$ 670
1980
1,050
The sole issue is whether petitioners are entitled to deduct expenses incurred by petitioner-husband in traveling between his residence and place of work. FINDINGS OF FACT Some of the facts are stipulated and found accordingly. *217 Petitioners, Robert E. Terry and Cynthia E. Terry, resided in Rome, Ga., when they filed their petition herein. On May 7, 1979, petitioner Robert E. Terry (petitioner) was hired as a welder by the Tennessee Valley Authority (TVA) to work at the Bellefonte Nuclear Power Plant (herein the power plant) near Hollywood, Ala. Petitioner worked continuously at the power plant until May 11, 1981, when he voluntarily resigned from his job. However, on May 26, 1981, he resumed working as a welder at the power plant until he again voluntarily resigned on July 22, 1981. [1] At both times when petitioner resigned, construction of the power plant had not been completed and welders were in demand. In addition, the power plant was not scheduled to be completed until August 1986. Although petitioner's contract with TVA stated that he was a temporary wage and hourly construction employee, this classification was used by TVA for all construction workers and had no effect on an employee's length of employment unless there was a specific termination date in the contract. Petitioner's contract did not *218 have a stated termination date and therefore he could have continued working at the power plant until it was completed. Petitioner was also a veteran of the United States Army and therefore had preference over nonveteran welders in the event of layoffs. The power plant is located 82 miles from petitioners' residence in Rome, Ga. While working at the power plant petitioner communted daily from his residence. On their 1979 and 1980 returns petitioners deducted $4,175 and $5,797, respectively, for travel expenses. In his notice of deficiency respondent disallowed these deductions. OPINION The sole issue is whether petitioners may deduct these travel expenses. As a general rule, deductions for personal expenses are disallowed under section 262. [2] Although section 162(a)(2) allows a deduction for traveling and living expenses incurred while away from home in pursuit of a trade or business, this Court has consistently held that a taxpayer's "home" for purposes of section 162(a)(2) is the vicinity of the taxpayer's principal place of employment and not where his personal residence is located. Mitchell v. Commissioner,74 T.C. 578, 581 (1980); Kroll v. Commissioner,49 T.C. 557, 561-562 (1968). *219 An exception to this rule exists, however, when a taxpayer accepts employment away from his home which is temporary as opposed to indefinite. Peurifoy v. Commissioner,358 U.S. 59 (1958). Thus resolution of the issue herein depends on a factual determination of whether petitioner's employment at the power plant was temporary or indefinite. Employment is temporary if its termination is foreseeable within a short period of time. Mitchell v. Commissioner,supra at 581; Albert v. Commissioner,13 T.C. 129, 131 (1949). Employment is indefinite if either its termination cannot be foreseen within a fixed or reasonable short period of time, Stricker v. Commissioner,54 T.C. 355, 361 (1970), affd. 438 F.2d 1216 (6th Cir. 1971), or it continues for a substantial or indefinite duration. Garlock v. Commissioner,34 T.C. 611, 615 (1960). The taxpayer has the burden of proving that his employment was temporary. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice *220 and Procedure. Petitioner contends that his employment at the power plant was temporary because there was a possibility that he would be laid off. We, however, are not persuaded by this contention. By the end of 1979, petitioner had worked continuously at the power plant for more than seven months, and by the end of 1980 he had worked there continuously for more than nineteen months. There is no evidence that, by the end of either year, petitioner was not going to continue working indefinitely at the power plant. In fact, the only interruptions in petitioner's employment were his voluntary resignations in May and July 1981. At both times, welders were in demand at the power plant and at least four years remained until the power plant's scheduled completion date. Furthermore, petitioner's status as a veteran gave him preference over nonveteran welders in case of layoffs. The fact that petitioner's contract stated that he was a temporary employee is not determinative of the issue herein. Garlock v. Commissioner,supra. Since TVA used this language for all of its construction workers and there was no termination date in petitioner's contract, we do not find *221 this classification evidences that petitioner's employment was temporary. Thus, we conclude that in both 1979 and 1980 it was not foreseeable that petitioner's employment at the power plant would be terminated "within a short period of time." Accordingly, we hold that in 1979 and 1980 petitioner's employment at the power plant was indefinite rather than temporary and that petitioners are not entitled to deduct the travel expenses petitioner incurred in connection with that employment. To reflect the foregoing, Decision will be entered for respondent.
Footnotes
1. Petitioner also worked at the power plant from January 18, 1982, until April 1, 1982.↩
2. All section references are to the Internal Revenue Code of 1954, as amended.↩