HARVEY GRIFFIN AND BARBARA GRIFFIN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Griffin v. Commissioner
Docket No. 33373-86.
United States Tax Court
T.C. Memo 1988-248; 1988 Tax Ct. Memo LEXIS 276; 55 T.C.M. (CCH) 1025; T.C.M. (RIA) 88248; June 6, 1988
James F. Seeley, for the petitioners. Bruce Wilpon, for the respondent. GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was assigned pursuant to the provisions of section 7743A(b)(3) of the Internal Revenue Code. [1]
Respondent determined *277 a deficiency in petitioners' Federal income tax for 1984 in the amount of $ 2,736 and an addition to tax in the amount of $ 163.80 under the provisions of section 6651(a)(1). Petitioners concede that they failed to report interest income in 1984 in the amount of $ 61. They also concede that they are liable for the addition to tax under section 6651(a)(1). The remaining issue is whether petitioners are entitled to a deduction for away from home travel expenses in 1984 under the provisions of section 162(a)(2). The stipulated facts are herein incorporated by this reference. Petitioners were residents of Pattersonville, New York at the time the petition herein was filed. Petitioner Harvey Griffin is a journeyman pipefitter and a member of Local 105 (Schenectady, New York) of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada. Due to lack of work within the jurisdiction of Local 105, petitioner was dispatched to Local 273 (Oswego, New York) on April 26, 1982 to commence work for ITT Grinnell Industries Piping, Inc. to work on the Nine Mile Two nuclear power plant in Oswego, New York. He was employed *278 at the Nine Mile Two job site from April 26, 1982 through August 5, 1984. Petitioner claimed a deduction for travel expenses (including meals and lodging) in the amount of $ 8,567 with respect to his employment at Nine Mile Two in 1984 from January 1 through August 5. Respondent disallowed the deduction in full. To prevail here, petitioner must establish that his employment at the Nine Mile Two job site during the period here involved was temporary rather than indefinite. See Peurifoy v. Commissioner,358 U.S. 59 (1958). Employment is temporary if it is expected to terminate within a short period of time and such termination can be foreseen. Stricker v. Commissioner,54 T.C. 355 (1970), affd. 438 F.2d 1216 (6th Cir. 1971); Mitchell v. Commissioner,74 T.C. 578, 581 (1980). Employment, even if temporary in inception, may become indefinite or indeterminate in duration in a changing factual context. Verner v. Commissioner,39 T.C. 749, 754 (1963). The determination of whether a job is temporary or indefinite is a question of fact upon which petitioner has the burden of proof. Peurifoy v. Commissioner, supra at 60-61. *279 The purpose of the "away from home" provision in the Code is to mitigate the financial burden of a taxpayer forced to maintain two places of abode and, concomitantly, to duplicate living expenses because of the exigencies of his business or employment. Kroll v. Commissioner,49 T.C. 557, 562 (1968); Verner v. Commissioner, supra at 754. Therefore, a taxpayer may deduct his living expenses incurred at a temporary job away from home because it would be unreasonable to expect him to move his residence under such circumstances. Tucker v. Commissioner,55 T.C. 783, 786 (1971). In Rosenspan v. United States,438 F.2d 905, 912 (2d Cir. 1971), the Court of Appeals for the Second Circuit, to which circuit this case is appealable, [2] stated in relevant part as follows: When an assignment is truly temporary, it would be unreasonable to expect the taxpayer to move his home, and the expenses are thus compelled by the "exigencies of business"; when the assignment is "indefinite" or "indeterminate," the situation is different and, if the taxpayer decides to leave his home where it was, disallowance is appropriate, not because *280 he has acquired a "tax home" in some lodging house or hotel at the worksite but because his failure to move his home was for personal convenience and not compelled by business necessity. * * * Based on the evidence before us we conclude that petitioner's employment at Nine Mile Two was temporary in nature during the period here involved. Petitioner's expectation at the very outset was that his employment there would be temporary. Prior to leaving for Oswego, petitioner attended the monthly union meetings of Local 105 and early in 1982 union officials had informed union members of a planned project at the Kesslering site in West Milton, New York which was expected to require the services of pipefitters. The Kesslering site is in the Pattersonville/Schenectady area and within the jurisdiction of Local 105. In April 1982, when petitioner was assigned to work at Nine Mile Two, petitioner was told by Local 105 officials that he could expect to be at Nine Mile Two less than six months because of the expectation that members of Local 105 would be recalled to work *281 on the planned project at the Kesslering site. It was understood by Local 105 officials and the union members that the Kesslering site project was contingent on the availability of Federal funds. When petitioner accepted the employment at Nine Mile Two in April 1982 due to the lack of work within his union local's jurisdiction, he fully intended to terminate such employment at the first opportunity of a job in his home area. Petitioner's wife contacted Local 105 at least once a month on behalf of petitioner to determine the availability of jobs in the Pattersonville/Schenectady area. Petitioner lived in a motel during the first eight months of his employment at Nine Mile Two and then lived in a rented trailer in the Oswego, New York area until he terminated his employment at Nine Mile Two in August 1984. Petitioner's wife maintained the family house in Pattersonville, New York while petitioner was employed at Nine Mile Two. In November 1983 Local 105 officials were informed that an estimated 25-35 pipefitters would be needed on the project at the Kesslering site. Because of his position on the union "out-of-work" list, petitioner expected that he would be one of the pipefitters *282 called by Local 105 for the Kesslering project. In fact, he was the 16th individual hired for said project. In February 1984 petitioner returned to Schnectady for a day to complete the necessary forms to receive security clearance for working on the Kesslering project. He commenced work on the project at the Kesslering site in August 1984 when his security clearance was approved. In short, the imminence of employment at the Kesslering site materialized as early as November 1983 and by February 1984 petitioner had initiated the security clearance process. Under the chain of events here portrayed and in view of petitioner's logical expectations with respect to his employment situation, we believe petitioner prudently chose not to uproot his family from the Pattersonville residence and relocate in Oswego, New York near the job site at Nine Mile Two. We conclude on the basis of the entire record that petitioner's employment at the Nine Mile Two project in Oswego, New York was temporary. We therefore hold that petitioner's expenses, which the parties agree are in the amount of $ 6,195.72 (rather then the amount of $ 8,567 originally claimed as a deduction on the return), are deductible *283 pursuant to section 162(a)(2). Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise indicated. ↩
2. See Golsen v. Commissioner,54 T.C. 742 (1970), affd. 445 F.2d 985↩ (10th Cir. 1971).