ALVIN G. FRIEDMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Friedman v. Commissioner
Docket No. 1435-88
United States Tax Court
T.C. Memo 1989-577; 1989 Tax Ct. Memo LEXIS 563; 58 T.C.M. (CCH) 491; T.C.M. (RIA) 89577; October 26, 1989
Alvin G. Friedman, pro se. Paul Voelker, for the respondent. DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge *565 : This case was assigned pursuant to section 7443A(b) of the Internal Revenue Code of 1986 and Rules 180, 181, and 182. [1] For convenience and clarity, the findings of fact and conclusions of law have been combined in this opinion. Respondent determined a deficiency in petitioner's Federal income tax for 1984 and an addition to tax pursuant to section 6651(a)(1) in the amounts of $ 1,871.00 and $ 528.72, respectively. The issues for decision are (1) whether petitioner is entitled to employee business expense deductions in the total amount of $ 3,500, (2) whether petitioner is entitled to claim his three children as dependency exemptions and (3) whether petitioner is liable for additions to tax pursuant to section 6651(a)(1). Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioner was a resident of Las Vegas, Nevada when *566 he filed his petition. Petitioner is a journeyman wireman and has been a member of the International Brotherhood of Electrical Workers (I.B.E.W.), Local 3, Queens, New York, since 1969. He is also a Vietnam Veteran who incurred a skin disease while serving in Vietnam. Because of his skin disease, petitioner is unable to wear heavy clothing. He must, therefore, live and work in a warm climate. In 1984, petitioner was unable to obtain full-time employment in Las Vegas. The local business agent of the I.B.E.W. in Las Vegas contacted the business agent of the I.B.E.W. Local 3 in Queens, New York, and obtained employment for petitioner in New York. Because petitioner must work in a warm climate, he knew that his employment in New York would, of necessity, be temporary. In June, 1984, petitioner left Las Vegas and traveled (by automobile) to New York where he worked until October, 1984. He then returned to Las Vegas. On his 1984 return, petitioner deducted $ 3,500 as an employee business expense. He testified that he spent four days (three nights) on the road traveling from Las Vegas to New York. He further testified that the one-way mileage from Las Vegas to New York is 2,156 *567 miles. Petitioner further testified that he doubled that mileage and added additional mileage for side trips where he allegedly sought employment along the way. He rounded the mileage off to 5,000 for the round trip between Las Vegas and New York. Oh his 1984 return, petitioner multiplied the 5,000 miles by the standard mileage rate and deducted $ 1,000 as an employee business expense. [2] He also deducted $ 2,500 allegedly paid for meals, lodgings, and other expenses during his round-trip travel between Las Vegas and New York. During his employment in New York, petitioner stayed at his mother's home. He claimed no traveling expenses during the period he was employed in New York. In the statutory notice of deficiency, respondent disallowed the $ 3,500 deducted by petitioner as an employee business expense on the grounds that petitioner had not established that he actually paid the amount claimed, nor had he established that the amount claimed was an ordinary and necessary business expense. The burden is upon the taxpayer to prove *568 that respondent's determination is incorrect. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a). Section 162(a)(2) allows as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business, including traveling expenses (including amounts expended for meals and lodging), while away from home in the pursuit of a trade or business. A taxpayer's "home" for tax purposes is the taxpayer's place of business where it is different from the location of his personal residence. Kroll v. Commissioner, 49 T.C. 557 (1968). When a taxpayer's employment is temporary, rather than indefinite, the taxpayer may deduct travel expenses incurred at his temporary post of duty. Peurifoy v. Commissioner, 358 U.S. 59 (1958). We find that petitioners' employment in New York was temporary. Because he could not find full-time work in Las Vegas or in the surrounding territories, he traveled to New York where he was assured of employment. Petitioners' employment in New York, however, would not last more than a few months. Because of petitioners' skin disease, he could not work in New York *569 beyond October of any given year. Aside from the few months spent by petitioner in New York, he generally was otherwise gainfully employed in Las Vegas where he resided. Section 274(d), insofar as here pertinent, provides that no deduction shall be allowed under section 162 for any traveling expenses (including meals and lodging while away from home) unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement the amount of such expense, the time and place of travel, and the business purpose of the trip. Respondent does not deny that petitioner left Las Vegas in June of 1984, and traveled to New York where he worked until October of 1984 nor, on this record, could he. He contends, however, that petitioner has not substantiated his claimed expenses. We agree with respondent that petitioner has not substantiated the $ 2,500 which he claims he spent for food and lodging. Based upon the entire record, however, we find that petitioner has substantiated a round trip, by automobile, from Las Vegas to New York in order to work in New York for approximately four months. We take judicial notice that, according to the United States *570 Mileage Chart contained in the 64th edition of the Rand McNally Road Atlas, the mileage between Las Vegas and New York, New York, is 2,572 miles. Revenue Procedure 83-74, 1983-2 C.B. 593, provides that the optional standard mileage rate for the business use of an automobile in 1984 was (a) 20.5 cents per mile for the first 15,000 miles of use for business purposes, and (b) 11 cents per mile for business purposes in excess of 15,000 miles. We will, therefore, allow petitioner an automobile expense deduction of $ 1,055 (2,572 miles X 2 X 20.5 cents). On his 1984 return, petitioner claimed three exemptions ($ 3,000) for his sons Adam and Jeremy and his daughter Jenna. Respondent disallowed the claimed exemptions on the ground that petitioner had not established that he was entitled to them. Section 151(e)(1)(B) permits a taxpayer to claim a dependency exemption for each dependent who is a child of the taxpayer and who has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins. As a general rule, a child is a dependent of the taxpayers if the taxpayer furnishes more than one half of the child's support. Section *571 152(a). However, there is a special support test in cases where the child's parents "are divorced or legally separated under a decree of divorce or separate maintenance, or who are separated under a written separation agreement." Section 152(e)(1)(A). Petitioner and his former wife were divorced on April 24, 1982. The divorce decree gave custody of the children to their mother and provided that petitioner pay $ 150 child support per month for each child, retroactive to January 1981. The special support test referred to, supra, is found at section 152(e)(1) which provides, as a general rule, that the parent who has custody of the child for the greater portion of the year is entitled to the dependency exemption. There are two exceptions to the general rule. The first exception provides that the noncustodial parent is entitled to the exemption if the decree of divorce or separate maintenance or a written agreement between the spouses states that the noncustodial parent is entitled to the exemption, and if that noncustodial parent provides at least $ 600 in support for the child during the taxable year. There is no evidence in this record that the divorce decree or a written *572 agreement between petitioner and his former wife states that petitioner is entitled to the exemptions for his children. The second exception provides that if the noncustodial parent contributes $ 1,200 or more in support during the taxable year for each child, then the noncustodial parent is entitled to the dependency exemption unless the custodial parent "clearly establishes" that he/she provided more for the support of the child than the noncustodial parent. Section 152(e)(2)(B). The parties have stipulated that during 1984, petitioner made the following payments for the support of his three children: Date
Amount
Check No.
8-9-84
$   450.00
104
9-9-84
450.00
106
10-3-84
250.00
115
10-15-84
737.00
116
Total
$ 1,887.00
Clearly, petitioner did not contribute $ 1,200 or more in support during 1984 for each of his three children. He, therefore, is not entitled to claim them as dependency exemptions on his 1984 return. Respondent determined an addition to tax against petitioner pursuant to section 6651(a)(1) for failure to timely file his 1984 return. Petitioner bears the burden of proving that he is not liable for this addition. *573 Rule 142(a); Bunney v. Commissioner, T.C. Memo. 1988-112. Because petitioner did not address this issue at trial, he is deemed to have conceded it. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All subsequent section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue unless otherwise indicated. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. In 1984, the standard mileage rate was 20 1/2 cents per mile. 5,000 miles X .205 = $ 1,025. Petitioner's computation is in error by $ 25.↩