T.C. Memo. 1999-153


UNITED STATES TAX COURT


HANSEL HAMLIN JOHNSON, JR. AND JANICE H. JOHNSON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14003-97.                    Filed May 5, 1999.


Hansel Hamlin Johnson, Jr., pro se.

John W. Sheffield III, for respondent.

MEMORANDUM OPINION

GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies in petitioners' Federal income taxes and determined accuracy-related penalties under section 6662(a) for the taxable years and in the amounts set forth below:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 1992 | $1,624 | $168 |
| 1993 | 5,502 | 106 |

After concessions,[1] the sole issue for decision is whether petitioners are entitled to deduct unreimbursed employee expenses incurred during the 1993 tax year in excess of those allowed by respondent.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioners resided in Lawrenceville, Georgia. References to petitioner are to Hansel Hamlin Johnson, Jr.

Petitioner is a software quality engineer with a bachelor's degree in industrial technology and electronics.

---

[1] Petitioners concede the following: (1) They are not entitled to interest deductions in the amount of $2,867 and $2,602 for the 1992 and 1993 tax years, respectively; (2) they are not entitled to unreimbursed employee expense deductions in the amount of $2,817 or entitled to miscellaneous deductions in the amount of $154 for the 1992 tax year; and (3) they are liable for accuracy-related penalties pursuant to sec. 6662(a) in the amounts of $168 and $106 for the 1992 and 1993 tax years, respectively.

During the years in issue, petitioner worked as a contract engineer through an agency named TAD Technical. As a contractual engineer, petitioner does not have an opportunity to work as a permanent employee and does not receive holiday, vacation, or severance pay. The usual contract term is from 3 to 6 months.

In 1992 and 1993, petitioner worked as a software quality engineer for Texas Instruments in Lewisville, Texas. Petitioner began work on March 11, 1992, and initially contracted to work for Texas instruments for only 6 months; however, after the first 6-month period, his contract was later extended for an additional 6-month period. After the second 6-month period, the contract was extended again until December 17, 1993.

While working for Texas Instruments, petitioner rented a small 1-bedroom apartment and incurred various associated expenses during the 1992 and 1993 tax years. Petitioners' children continued to live in Lawrenceville, Georgia, where the children also attended school. Mrs. Johnson worked in the Atlanta area. Petitioner usually drove home once a month to visit his family.

On their Federal income tax return for the 1993 tax year, petitioners claimed unreimbursed employee expense deductions in the amount of $19,218, representing expenses incurred by petitioner while working for Texas Instruments. In a notice of deficiency dated May 1, 1997, respondent disallowed $17,727 of

petitioners' claimed 1993 unreimbursed employee expense deductions because petitioner was employed away from home for more than 1 year.

Section 162 Travel Expense Deductions

Deductions are a matter of legislative grace. See New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers bear the burden of proving that they are entitled to their claimed deductions. See Welch v. Helvering, 290 U.S. 111, 115 (1933).

Section 162(a)(2) allows a taxpayer to deduct traveling expenses incurred while away from home. A taxpayer may deduct traveling expenses under section 162(a)(2) if he satisfies the following three conditions: (1) The expense must be reasonable and necessary; (2) it must be incurred while away from home; and (3) it must be incurred in the pursuit of a trade or business. See Commissioner v. Flowers, 326 U.S. 465, 470 (1946). Respondent does not dispute that petitioners' expenses satisfy the first and third requirements. Respondent contends that petitioner was not away from home while working in Texas.

For purposes of section 162(a)(2), generally a taxpayer's home is the vicinity of his principal place of employment, not where his personal residence is located. See Mitchell v. Commissioner, 74 T.C. 578, 581 (1980). However, if a taxpayer's principal place of employment is temporary rather than

indefinite, the taxpayer's residence may be considered the taxpayer's home, and the taxpayer may deduct the expenses associated with traveling to and living at a job site. See Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958). Employment is temporary if it is foreseeable that the employment will be terminated within a short period of time. See Mitchell v. Commissioner, supra at 581. Whether a taxpayer's employment is temporary or indefinite is a question of fact. See Peurifoy v. Commissioner, supra at 61.

In 1992, the flush language of section 162(a) was amended to include the following: "For purposes of paragraph (2), the taxpayer shall not be treated as being temporarily away from home during any period of employment if such period exceeds 1 year."[2] The amendment is effective for costs paid or incurred after December 31, 1992.[3]

Petitioners contend that the language of the amendment is unclear and that their understanding of the language is that the 1-year period referred to in the amendment began on December 31, 1992. Respondent, in his brief filed on August 3, 1998, concedes that petitioners are entitled to claim unreimbursed 1993 employee expenses in the amount of $3,485, leaving $14,242 of 1993

---

[2] See Energy Policy Act of 1992 (EPA 1992), Pub. L. 102-486, sec. 1938(a), 106 Stat. 2776, 3033.

[3] EPA 1992, sec. 1938(b), 106 Stat. 3033.

unreimbursed employee expenses in dispute. Respondent calculated the $3,485 amount by applying a ratio of the number of days petitioner was under contract with Texas Instruments in 1993, up to, and including, March 10, 1993, compared to the total number of days petitioner was under contract at Texas Instruments in 1993 (69/351), multiplied by the parties' stipulated 1993 job-related travel expenses of $17,727.

We find the statutory language of section 162(a) clear. When interpreting statutes, the function of courts is to construe the language of the statute so as to give effect to the intent of Congress. See U.S. Padding Corp. v. Commissioner, 88 T.C. 177, 184 (1987), affd. 865 F.2d 750 (6th Cir. 1989). Where possible, statutes and revenue acts should be interpreted in their ordinary everyday sense. See Crane v. Commissioner, 331 U.S. 1, 6 (1947).

The amended language of section 162(a) clearly states that a "taxpayer shall not be treated as being temporarily away from home during any period of employment if such period exceeds 1 year." (Emphasis added.) Additionally, the amendment clearly "[applies] to costs paid or incurred after December 31, 1992." EPA 1992, sec. 1938(b), 106 Stat. 3033 (emphasis added.)

On March 10, 1993, petitioner had been employed by Texas Instruments for 365 days. At that time, petitioner knew that his contract with Texas Instruments would be extended for an additional period of time and no longer had a realistic

expectation that his employment with Texas Instruments would last a year or less.

Petitioners have failed to establish that petitioner was away from home on a temporary basis after March 10, 1993. Accordingly, we hold that petitioner is entitled to claim unreimbursed employee expenses for 1993 only in the amount of $3,485.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.