T.C. Memo. 2013-148

UNITED STATES TAX COURT

JAVAD BIGDELI AND ASHRAF BIGDELI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14692-11.                    Filed June 11, 2013.

Javad Bigdeli and Ashraf Bigdeli, pro sese.

<u>Gloria M. Juncadella</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, <u>Judge</u>:  The respondent (the IRS) issued a notice of deficiency

to the petitioners, Dr. Javad Bigdeli and Mrs. Ashraf Bigdeli, for tax years 2008

and 2009.  The deficiencies and penalties determined were as follows:

| [*2] Year | Deficiency | Penalty sec. 6662(a) |
|---|---|---|
| 2008 | $14,220 | $2,844.00 |
| 2009 | 11,688 | 2,237.60 |

The Bigdelis timely petitioned this Court under section 6213(a)[1] for redetermination of the deficiencies and the penalties. We have jurisdiction under section 6214. Several issues remain to be decided, while some other issues are purely computational. Our resolution of the issues for decision is as follows:

(1)     The Bigdelis are not entitled to deductions claimed on Schedule C, Profit or Loss From Business, for car-and-truck expenses for 2008 and 2009.

(2)     The Bigdelis are not entitled to deductions claimed on Schedule C for travel expenses for 2008 and 2009.

(3)     The Bigdelis are not entitled to deductions claimed on Schedule C for meals-and-entertainment expenses for 2008 and 2009.

(4)     The Bigdelis are not entitled to deductions claimed on Schedule C for non-health insurance expenses for 2008 and 2009 greater than $5,361

---

[1]All section references are to the Internal Revenue Code as in effect for 2008 and 2009. All Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]**  and $7,694, respectively (the amounts that the IRS concedes are deductible).

(5)  The Bigdelis are liable for the section 6662(a) penalty for 2008 and 2009.

## FINDINGS OF FACT

Some of the facts have been stipulated; those facts are so found.  Dr. Javad Bigdeli and Mrs. Ashraf Bigdeli are a married couple who lived in Gladwyne, Pennsylvania, a western suburb of Philadelphia, at the time the petition was filed and during the tax years at issue, 2008 and 2009.

Dr. Bigdeli is an oral surgeon.  From March 2007 through 2009 he worked at a dental office in Elmsford, New York, north of New York City.  His work at the Elmsford office was his only work during the years at issue.

Dr. Bigdeli traveled between Gladwyne and Elmsford by driving the family car.  He regularly stopped for gas and paid tolls along the route, which went through New Jersey.  The trip between Gladwyne and Elmsford was long.  Sometimes Dr. Bigdeli spent nights in hotels near the office in Elmsford rather than driving back and forth to Gladwyne.

[*4]   The family car was not exclusively used for Dr. Bigdeli's travels to Elmsford.  Sometimes the Bigdelis would use it for errands, such as trips to the grocery store.  The Bigdelis paid to repair and maintain the car.

Dr. Bigdeli sometimes bought food and beverages to consume during the workday.

The Bigdelis' daughter, who did not have experience in tax, accounting, or any related fields, helped them prepare their tax returns using TurboTax computer software for both tax years 2008 and 2009.  On Schedule C the Bigdelis claimed deductions for the expenses of Dr. Bigdeli's oral surgery practice.  The Schedule C deductions claimed on the return but disallowed by the notice of deficiency[2] are:

| Schedule C deduction | 2008 | 2009 |
| --- | --- | --- |
| Meals & entertainment | $1,040 | $630 |
| Travel | 3,428 | 3,809 |
| Repairs & maintenance | 6,993 | -0- |
| Insurance (other than health insurance) | 5,361 | 7,694 |
| Car & truck | 31,662 | 24,288 |

---

[2]The Bigdelis claimed other deductions on Schedule C that were not adjusted by the notice of deficiency.

**[*5]**  The notice of deficiency disallowed the deductions listed in the table above in their entirety.  The IRS has since made the following concessions:

- The $6,993 deduction claimed for repairs and maintenance for 2008 is allowable;

- The $5,361 deduction claimed for insurance for 2008 is allowable to the extent of $5,195; and

- The $7,694 deduction claimed for insurance for 2009 is allowable to the extent of $7,268.

OPINION

Two preliminary matters require attention before we proceed to the merits of this case.  When the case was called for trial, Mrs. Bigdeli did not appear, nor was there any appearance on her behalf.  Dr. Bigdeli did appear.  As Dr. Bigdeli had no authority to represent her, and there was no other appearance by her or on her behalf, the Court will, on its own motion, dismiss her from this case for lack of prosecution.  A decision will be entered against Mrs. Bigdeli for deficiencies and penalties in the same amounts as those ultimately determined against Dr. Bigdeli.

Another preliminary matter to determine is who bears the burden of proof as to the disputed deductions.  As a general rule, the taxpayer bears the burden of

**[\*6]** proving that the determinations in the notice of deficiency are incorrect. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933); Jackson v. Commissioner, 73 T.C. 394, 400 (1979). The Bigdelis' deductions still in dispute were disallowed in the notice of deficiency. In an exception to the general rule, section 7491(a) imposes the burden of proof on the IRS with respect to a given factual issue where a taxpayer (1) introduces credible evidence with respect to that issue, (2) meets all applicable substantiation requirements, (3) complies with all recordkeeping requirements, and (4) cooperates with any reasonable requests for information. Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001). The Bigdelis have not demonstrated that the requirements of section 7491(a) have been met. Therefore, the burden of proof remains with them.

1.   Car-and-truck expenses

Dr. Bigdeli used the family car to travel from his home in Gladwyne, Pennsylvania, to the dental office in Elmsford, New York. He testified that the amounts he claimed as car-and-truck expense deductions consist of the cost of gasoline for the car for the trips between Gladwyne and Elmsford, the tolls he paid on the trips between Gladwyne and Elmsford, and the costs of repairing and maintaining the car. As evidentiary support for the $31,662 in car-and-truck expense deductions the Bigdelis claimed on their 2008 return, they introduced into

**[*7]** evidence gas and toll receipts for $997.01. As evidentiary support of the $24,288 in car-and-truck expense deductions they claimed on their 2009 return, they introduced into evidence gas and toll receipts for $1,159.63 and receipts for repairs and maintenance for $611.51.

Section 162(a) provides: "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business". No deduction is allowed for personal, living, or family expenses. Sec. 262(a).

When a taxpayer travels from a family home to a nontemporary place of business, the costs of travel are not deductible under section 162(a)(2). Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958); Mitchell v. Commissioner, 74 T.C. 578, 580-581 (1980). In Mitchell, a psychiatric technician had his family home in Ukiah, California. He worked in a hospital 100 miles away in Napa, California. Mitchell v. Commissioner, 74 T.C. at 579. The Court held that the technician could not deduct: (1) the cost of traveling between Ukiah and Napa, or (2) the

**[\*8]** rental cost of a trailer in which the technician lived during the workweek in Napa. Id. at 584.

Dr. Bigdeli's place of business is in Elmsford, New York.[3] His family home is in Gladwyne, Pennsylvania. His costs of traveling between Elmsford and Gladwyne are not deductible under section 162(a)(2). See Mitchell v. Commissioner, 74 T.C. at 584. According to Dr. Bigdeli, the car-and-truck expense deductions the Bigdelis claimed on their returns are for the expenses of traveling between Elmsford and Gladwyne. Like the travel costs in Mitchell, the claimed deductions are not allowable.

The expenses of a passenger automobile and the expenses of travel are subject to heightened substantiation requirements. Secs. 274(d)(1), (4), 280F(d)(4)(A)(i); sec. 1.274-5T(a)(1), (b)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). But we need not consider whether the amounts that the Bigdelis claimed as deductions for car-and-truck expenses satisfy the heightened substantiation requirements. We hold that the Bigdelis may not deduct any amounts for car-and-truck expenses for either tax year.

---

[3]Nothing in the record indicates that Dr. Bigdeli's work in Elmsford was temporary. He began to work there in March 2007 and continued to work at the Elmsford office at least through the end of 2009.

**[*9]** 2.     Travel expenses

The Bigdelis claimed a deduction of $3,428 for travel expenses for 2008 and $3,809 for travel expenses for 2009.  The expenditures were, Dr. Bigdeli asserts, the cost of staying at hotels near the office in Elmsford, New York, to avoid traveling back and forth to his family home in Gladwyne, Pennsylvania. The Bigdelis submitted documentation in the form of hotel bills indicating that Dr. Bigdeli spent $2,897.29 on hotel rooms in 2008 and $3,832.14 in 2009.  Their documentation also provides the time and place of the expenses.

Like the trailer-rental expenses in Mitchell, the hotel expenses are not deductible under section 162(a)(2).  We hold that the Bigdelis are not entitled to the deductions that they claimed for travel expenses.

3.     Meals-and-entertainment expenses

The Bigdelis claimed meals-and-entertainment-expense deductions of $1,040 for 2008 and $630 for 2009.  Dr. Bigdeli testified that the deductions correspond to what he paid for food and beverages during the workday at the dental office in Elmsford, New York.

Fifty percent of expenses for meals that are directly connected to a taxpayer's trade or business, such as lunch or dinner meetings with clients, may be deductible.  Secs. 162, 274(n); sec. 1.162-1, Income Tax Regs.  The only evidence

**[\*10]** we have regarding the purpose of the expenses is Dr. Bigdeli's testimony that the expenses were for food he purchased and consumed during his workday. The Bigdelis have not met their burden of proving that the alleged purchases of food and beverages related to the conduct of Dr. Bigdeli's business. Thus, we hold that any such expenses were nondeductible personal expenses.

The heightened substantiation requirements of section 274 apply to meals-and-entertainment expenses.[4] We need not consider whether the heightened substantiation requirements have been met.

4.     Insurance expenses other than health insurance

Insurance expenses are deductible under section 162 if the expenses are ordinary and necessary to a taxpayer's trade or business. Sec. 1.162-1(a), Income Tax Regs.; see sec. 162.

The IRS allowed all but $166 of the $5,361 the Bigdelis claimed for 2008 and all but $426 of the $7,694 they claimed for 2009. Not enough evidence was introduced to persuade us that the Bigdelis made payments for insurance beyond the conceded amounts. The Bigdelis submitted invoices for insurance that were

---

[4]The heightened substantiation requirements apply to "any item with respect to an activity which is of a type generally considered to constitute entertainment". Sec. 274(d)(2). The term "entertainment" is defined to include "providing food and beverages". Sec. 1.274-2(b)(1)(i), Income Tax Regs.

**[*11]** created before payments were made. It is not apparent from these invoices when (or even if) payments were actually made. The Bigdelis did not testify about, or introduce any documentary evidence that would indicate that they made, the payments in the years at issue. Thus, the Bigdelis have not met their burden of proving that they are entitled to the contested amounts of the deductions they claimed for insurance expenses.

5.    Accuracy-related penalties under section 6662

The IRS has determined accuracy-related penalties under section 6662. Section 6662(a) and (b)(2) imposes a 20% penalty on any part of an underpayment that is attributable to a substantial understatement of income tax. Generally, an "understatement" is the excess of the tax required to be shown on the return over the tax shown on the return. Sec. 6662(d)(2)(A); sec. 1.6662-4(b)(2), Income Tax Regs. An understatement is substantial if it exceeds the greater of $5,000 or 10% of the tax required to be shown on the return. Sec. 6662(d)(1)(A); sec. 1.6662-4(b)(1), Income Tax Regs. Alternatively, the penalty may be imposed if the underpayment of tax is due to negligence or disregard of rules or regulations. Sec. 6662(b)(1). Negligence is "a lack of due care or a failure to do what a reasonable and prudent person would do under the circumstances." Bunney v. Commissioner, 114 T.C. 259, 266 (2000); see Neely v. Commissioner, 85 T.C.

**[*12]** 934, 947 (1985). Negligence also includes any failure to maintain adequate books and records or failure to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs.

An exception to the accuracy-related penalty applies to any part of an underpayment for which the taxpayer had reasonable cause and acted in good faith. Sec. 6664(c)(1). Whether the taxpayer acted with reasonable cause and in good faith is decided on a case-by-case basis, considering all relevant facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs.

Under section 7491(c), the IRS has the burden of production for penalties. See Higbee v. Commissioner, 116 T.C. at 446 (holding that the IRS must produce "sufficient evidence indicating that it is appropriate to impose the * * * penalty", but the IRS need not introduce evidence on exceptions to the penalty).

The IRS argues that the Bigdelis are liable for the penalties under both substantial-understatement and negligence theories.[5] The IRS has met its burden

---

[5]Since we decide below that the Bigdelis are liable for the penalties for negligence, we need not consider the IRS's argument regarding the Bigdelis' liability under the substantial understatement theory.

The IRS also argues that the Bigdelis' failure to allege "[c]lear and concise assignments of each and every error", see Rule 34(b)(4), in their petition means that we should find that the Bigdelis conceded the penalties. However, even if we assume without deciding that the petition satisfies Rule 34, we still hold that the Bigdelis are liable for the penalties.

**[\*13]** of production with respect to the penalties by introducing evidence that the Bigdelis failed to exercise reasonable care to report their correct tax liability.

The Bigdelis made no arguments about the penalties at trial, and they failed to file a brief.  In preparing their tax returns, they relied entirely on their daughter and on TurboTax.  They attempted to deduct personal expenditures without doing any research or consulting any expert to decide whether the deductions were proper.  A reasonable and prudent person would not have tried to claim the deductions they claimed without making at least a minimal effort to ensure that they had some legal basis for doing so.  Since the Bigdelis did not make such an effort, we find that they are liable for accuracy-related penalties for negligence under section 6662(a) and (b)(1) for 2008 and 2009.  They also did not have reasonable cause for, or act in good faith with respect to, the underpayments.

**[*14]** We have considered all arguments the parties have made, and to the extent that we have not addressed them, we find them to be irrelevant, moot, or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155 with respect to Javad Bigdeli, and an appropriate order and decision will be entered with respect to Ashraf Bigdeli</u>.