424        July 15, 2014        No. 54

IN THE OREGON TAX COURT
REGULAR DIVISION

Jonathan D. KIRWAN
and Rebecca A. Beach,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 5132)

Plaintiffs (taxpayers) appealed from a decision of the Magistrate Division as to personal income tax and claimed deductions for business expenses as independent contractors. Taxpayers claimed they were operating a business, and that their claimed deductions were for expenses incurred while operating their business. Defendant (the department) argued that taxpayers should be taxed as independent contractors under ORS 670.600. Following trial, the court considered the issue as being whether taxpayers were engaged in a trade or business and if so, if their claimed deductions were "ordinary" and "necessary" business expenses under IRC section 162(a). The court found that for the year at issue, based on the evidence within the record, taxpayers were not operating an independently established "trade or business" but were acting as employees. The court further found that all of taxpayers' claimed deductions, except the expenses related to their vehicles, were not allowed under IRC section 162(a) because they were not "necessary" or "ordinary" business expenses.

Trial was held May 14, 2013, in the courtroom of the Oregon Tax Court, Salem.

Jonathan D. Kirwan argued the cause for Plantiffs (taxpayers) *pro se*.

Nathan Carter, Assistant Attorney General, Department of Justice, Salem, argued the cause for Defendant (the department).

Decision rendered July 15, 2014.

**HENRY C. BREITHAUPT, Judge.**

### I.   INTRODUCTION

This personal income tax case is before the court after trial. The facts were not stipulated to before trial and have been established through the record. The year at issue is 2008 and the return at issue was a joint return. Jonathan

D. Kirwan (Kirwan) and Rebecca A. Beach (Beach) (collectively referred to as taxpayers) appeared *pro se*, and appealed the Magistrate Division's decision finding for Defendant, Department of Revenue (the department). Nathan Carter, Assistant Attorney General, appeared on the department's behalf.

## II.   FACTS

Although the facts of this case have not been stipulated to by the parties, the material facts are not in dispute.[1] During the 2008 tax year, taxpayers' developmentally disabled adult child, Athena, was living in taxpayers' home as a dependant. Athena is disabled by autism and is eligible for state and federally funded "support services." During 2008, taxpayers were employed by two separate "support services brokerages" to provide care for Athena.

From January through September of 2008, Beach contracted with Self-Determination Resources, Inc. (SDRI), a support services brokerage, to provide "community living" services for Athena. Under the contract with SDRI, Beach was paid an hourly rate to assist Athena with ongoing health and medical issues, personal care and nutrition, housekeeping, budgeting, and other daily needs.

Beach ended her contract with SDRI in the fall of 2008. Both Kirwan and Beach then entered into a new arrangement with United Cerebral Palsy of Oregon and Southwest Washington (UCP) on November 1, 2008. Taxpayers contracted with UCP to work as Athena's "roommates," and provided "supported living services" for her. Taxpayers' job duties were similar to those required by SDRI. The only significant difference between the UCP and SDRI employment contracts was that UCP required that taxpayers have a "reliable personal vehicle for work use." In addition, UCP gave taxpayers the opportunity to be reimbursed for work-related travelling expenses by submitting a "Mileage Reimbursement" report.

---

[1] At trial, there was a dispute as to whether taxpayers had also contracted to provide care for their disabled adult son Leeland in 2008. However, taxpayers did not submit into the record any documents or contracts that showed that Leeland received support services. Therefore, only facts pertaining to the care of taxpayers' daughter Athena need be taken into account.

During trial, Kirwan testified that in 2008, taxpayers were operating a residential care facility that provided services for disabled individuals. Kirwan testified that he and Beach had long term plans for their business, but there are no support service contracts in the record for any disabled individuals other than Athena. Lastly, Kirwan admitted that taxpayers have not acquired the proper licensing and business liability insurance needed to provide residential care for adults with disabilities, nor have they obtained licensing or insurance since 2008.

The department disallowed $12,547 of taxpayers' Schedule C deductions. The disallowed deductions included: $5,836 for insurance of taxpayers' home, repair and maintenance, and utilities; $2,975 for depreciation of taxpayers' home; $753 for expenses related to taxpayers' vehicles; $725 for depreciation of property; $340 for "supplies"; $81 for deductible meals and entertainment; $1,183 for other expenses including laundry and cleaning, tools, repair of broken items, and "respite"; and $654 for carryover operating expenses from 2007. The department issued a notice of deficiency to taxpayers on March 1, 2011, that denied taxpayers' deductions because the department did not consider them to be ordinary and necessary business expenses.

The main issue addressed by the Magistrate Division was whether taxpayers were operating an independently established trade or business as required under the definition of "independent contractor" in ORS 670.600. The magistrate concluded that taxpayers were not "independent contractors," and disallowed all of the claimed deductions.

The department altered its position after the magistrate's decision was issued. First, the department argues that taxpayers' expenses were "personal, living, or family" expenses under IRC section 262 and not allowed. Second, if section 262 does not bar taxpayers' deductions, the department argues that taxpayers may only claim Schedule A unreimbursed employee expenses because they were not engaged in a "trade or business." The department urges the court to adopt the ORS definition of "trade or business"—found within the definition of "independent contractor" under

ORS 670.600—as opposed to the IRC definition. Lastly, the department argues that even under federal law taxpayers' expenses were nondeductible because taxpayers were not independent contractors under the IRC.

## III. ISSUES

(1)  Is the ORS or IRC definition of "trade or business" controlling; and

(2)  Whether taxpayers were engaged in a "trade or business," and if so, were taxpayers' deductions "ordinary" and "necessary" business expenses?

## IV. ANALYSIS

The department's arguments do not address what the court considers to be the primary issue of this case. The department presented a number of cases in support of its IRC section 262 argument that are not on point. *See O'Connor v. Comm'r*, 6 TC 323 (1946); *Kuntz v. Comm'r*, 101 TCM (CCH) 1239 (2011); *Smith v. Comm'r*, 40 BTA 1038, 1039 (1939). In those cases, the taxpayers argued that "but for" the expenses incurred in paying a caregiver to watch over the taxpayers' child or spouse, the taxpayer would not have been able to engage in a trade or business. In this case, the dispute is not whether the deducted expenses allowed taxpayers to engage in a trade or business. Instead, the issue is whether taxpayers were even engaged in a trade or business at all, and if so, were the claimed deductions "ordinary" and "necessary" business expenses under IRC section 162(a).

The first step toward resolving the issues in this case is to decide whether taxpayers' deductions are allowed under IRC section 162(a),[2] which states that "[t]here shall be allowed as a deduction all the *ordinary* and *necessary* expenses paid or incurred during the taxable year in carrying on any *trade or business*." (Emphasis added.)

For income tax purposes, there may be more than two categories into which expenses may fall. However, where, as here, the expenses in question deal with items

---

[2] The court's references to the Internal Revenue Code (IRC) are to 2008. Oregon has made no modification to the IRC sections relevant to this case.

that may either be personal or business related—such as housing, home insurance, and items capable of personal as well as business use—the absence of any business leads to the same result as an analysis that starts with the IRC section 262 prohibition.[3] However, the court prefers to start with the question of the existence of a business. That route avoids the troublesome position of the department that the case depends exclusively on the fact that Athena was taxpayers' child.

## A.  *ORS or IRC Definition of "Trade or Business"*

The first issue is whether the court should adopt the ORS 670.600 definition—as opposed to the IRC definition—of "trade or business."[4] The legislature intended to "[m]ake the Oregon personal income tax law identical in effect to the provisions of the Internal Revenue Code relating to the measurement of taxable income of individuals." ORS 316.007. The Department of Revenue "shall apply and follow the administrative and judicial interpretations of the federal income tax law," regarding the allowance of deductions and evidence needed for deductions to be substantiated. ORS 316.032(2).

The department urges the court to adopt the meaning of "trade or business" found within the definition of "independent contractor" under ORS 670.600. The department argues that the phrase "as used in ORS chapter 316," found in ORS 670.600(2), requires that the ORS definition of "trade or business" be used with respect to allowable deductions under ORS 316.007.

The department has missed the intent of ORS 670.600(2). The only mention of ORS 670.600 in ORS chapter 316 is in ORS 316.162(2)(j). ORS 316.162(2)(j) is situated in a section titled "Definitions for ORS 316.162 to 316.221." ORS 316.162 to 316.221 are statutes regarding the

---

[3] *See Groetzinger v. Comm'r*, 771 F2d 269, 274 (7th Cir 1985) *aff'd* 480 US 23, 107 S Ct 980, 94 L Ed 2d 25 (1987) ("Although no specific definition of 'trade or business' deductions is supplied *** the term must be juxtaposed and interpreted with reference to the mandate of § 262 of the Code that 'no deduction shall be allowed for personal, living, or family expenses.'").

[4] The court's references to the Oregon Revised Statutes (ORS) are to the 2008 edition.

"collection of tax at source of payment." The purpose of ORS 316.007 and ORS 316.162 to 316.221 vary greatly, and the definition of "trade or business" found within ORS 670.600 only applies to statutes regarding the collection of tax at source of payment, not the legislature's intent to adopt the IRC's rules relating to deductions allowable in determining taxable income. Therefore, the court must turn to the IRC when determining whether the taxpayers were operating a "trade or business."

B.   *Existence of a "Trade or Business"*

The next issue is whether taxpayers were engaged in an independent "trade or business" as defined by the IRC. The court draws a distinction between an independent trade or business and the trade or business of being an employee, discussed below. Despite its importance, the term "trade or business" is not defined under the IRC or the Treasury Regulations. F. Ladson Boyle, *What is a Trade or Business?*, 39 Tax Law 737 (1986). In *Comm'r v. Groetzinger*, the United States Supreme Court defined the term "trade or business" as meaning that (1) a taxpayer's primary purpose for engaging in the activity must be motivated by making a profit; and (2) the activity must not be sporadic and amount to a mere hobby or amusement. 480 US 23, 35, 107 S Ct 980, 94 L Ed 2d 25 (1987). In addition, the court concluded that whether the taxpayer is engaged in a trade or business requires an examination of the facts and circumstances of each case. *Id.* at 36, *citing Higgins v. Comm'r*, 312 US 212, 217, 61 S Ct 475, 85 L Ed 783 (1941).

Taxpayers claim that they were operating a business, and thus the deductions were for expenses incurred while operating their business. Allowable deductions from taxable income are "a matter of legislative grace and * * * the burden of clearly showing the right to the claimed deduction is on the taxpayer." *Interstate Transit Lines v. Comm'r*, 319 US 590, 592, 63 S Ct 1279 (1943); *see* ORS 305.427 (stating that the burden of proof falls on the party claiming affirmative relief.) Thus, the burden of proof is on taxpayers to show that their deductions were specifically allowed by the IRC.

Based on the evidence within the record, taxpayers' primary purpose for engaging in the activity was not to make a profit. In fact, there is no evidence that taxpayers contracted to care for any disabled individuals other than Athena in 2008. There is also no evidence that taxpayers put any effort into obtaining new clients. Additionally, taxpayers did not acquire a license to operate a residential care facility as required by Oregon law. *See* ORS 443.410 (requiring a license to operate a "residential care facility"). Taxpayers also failed to acquire business liability insurance.

Finally, Kirwan said that the government could remove Athena from taxpayers' home if she was not provided with "support services." Kirwan's testimony supports the conclusion that taxpayers' primary purpose was to care for Athena in their family home, not to engage in a business for profit through a residential care facility. Therefore, taxpayers were not operating an independently established "trade or business" in 2008.

However, federal courts have held that a person can be engaged in a "trade or business" as an employee. For example, the United States Supreme Court affirmed a decision of the Seventh Circuit Court of Appeals that concluded that employees engaged in a "trade or business" may be entitled to "trade or business" deductions. *Groetzinger v. Comm'r*, 771 F2d 269, 274 (7th Cir 1985), *aff'd*, 480 US 23, 107 S Ct 980, 94 L Ed 2d 25 (1987).

Based on the employment contracts signed by taxpayers, both Kirwan and Beach were engaged in a "trade or business" as employees of SDRI and UCP in 2008. Thus, the main issue becomes whether taxpayers' deductions were "ordinary" and "necessary" business expenses of that trade or business, as required by IRC section 162(a).

An employee may only claim deductions that are "ordinary" and "necessary" regarding the business of being an employee. IRC § 162(a). The term "necessary" is construed "as imposing only the minimal requirement that the expense be 'appropriate and helpful' for 'the development of the [taxpayer's] business.'" *Comm'r v. Lincoln Sav & Loan Ass'n*, 403 US 345, 353, 91 S Ct 1893, 29 L Ed 2d 519 (1971). "The principal function of the term 'ordinary' in § 162(a)

is to clarify the distinction, often difficult, between those expenses that are currently deductible and \* \* \* amortized over the useful life of the asset."[5] *Id.* Whether taxpayers' expenses qualify as ordinary and necessary is essentially a question of fact and "it must appear that there is a *proximate*—rather than merely a remote or incidental—relationship between the claimed expenses and petitioner's practice." *Henry v. Comm'r*, 36 TC 879, 884 (1961) (emphasis added).

As the parents of a disabled adult individual, taxpayers' willingness to provide their daughter with everything she needs, including meals and housing, is not only "necessary" but also admirable. However, there is a crucial difference between those expenses that are "necessary" and "ordinary" family expenses, as opposed to "necessary" and "ordinary" business expenses. The employment contracts taxpayers signed with SDRI and UCP only required that taxpayers provide services, not physical items like housing, equipment, and supplies. Taxpayers were never compensated for the provision of such items, and it is clear that the only thing the employers compensated taxpayers for was personal services. It appears that taxpayers provided Athena with other items because she was their daughter, not because they were proximately related to the services they were required to provide. Therefore, all of taxpayers' claimed deductions, except the expenses related to their vehicles, are not allowed under IRC section 162(a) because they were not "necessary" or "ordinary" business expenses.

C.   *Taxpayers' Vehicle Expenses*

In contrast, taxpayers may be able to claim a deduction for expenses related to their vehicles if they can prove that they were unreimbursed employee "mileage" expenses. This deduction is distinguished from the others because there were conditions contained in taxpayers' employment contract with UCP that required that taxpayers provide a "reliable personal vehicle for work use," and that taxpayers could be reimbursed for the use of that vehicle if they filed

---

[5] As explained below, taxpayers' expenses were not "necessary" business expenses, thus, whether taxpayers' expenses were "ordinary" is not at issue and not analyzed.

a mileage reimbursement report. It is important to note that mileage expenses do not include repair, maintenance, and vehicle depreciation expenses. Taxpayers contracted to transport Athena, and mileage expenses were proximately related to the service taxpayers provided. Other vehicle-related expenses were merely incidental. Therefore, mileage expenses were "necessary" and "ordinary" business expenses and may be deducted as Schedule A unreimbursed employee expenses.

Because the issues in this case have changed significantly since the Magistrate Division trial, taxpayers shall be allowed an opportunity to present evidence to the department that confirms that the vehicle expenses were actually for unreimbursed employee mileage expenses as opposed to other vehicle related expenses. However, as explained below, taxpayers may only deduct the mileage expenses if they can prove (1) that they submitted a mileage reimbursement report to UCP within the required timeframe, and (2) that the report was denied.

A taxpayer who fails to claim a reimbursement for business related expenses may not deduct the expense as an unreimbursed employee expense. In *Orvis v. Comm'r*, 788 F2d 1406, 1408 (9th Cir 1986), (*Orvis*), the Ninth Circuit Court of Appeals stated that "[n]umerous courts have held that an expense is not 'necessary' under § 162(a) when an employee fails to claim reimbursement for the expenses, incurred in the course of his employment, when entitled to do so." *Orvis*, 788 F2d at 1408 (citations omitted). The *Orvis* court also described the underlying policy of the rule:

> "A bright line rule prohibiting deductions for reimbursable expenses avoids the difficult inquiry into the taxpayer's knowledge, and gives the taxpayer an incentive to determine which expenses are reimbursable. The rule also forecloses an avenue for tax manipulation by preventing the taxpayer from converting a business expense of his company into one of his own simply by failing to seek reimbursement."

*Id.* (citations omitted). For an employee to deduct ordinary and necessary business expenses, a request for reimbursement must be made and denied, or reimbursement

must otherwise be unavailable. *See Stolk v. Comm'r*, 40 TC 345, 356 (1963), *aff'd*, 326 F2d 760 (2nd Cir 1964). If the employee fails to make a reimbursement request due to the belief that it would be denied, the expense is not deductible by the employee. *See Govier v. Comm'r*, 60 TCM (CCH) 1348 (1990) ("[t]he deciding factor is not whether petitioner 'believed' he could not get reimbursement; rather, it is whether he 'actually' could not get reimbursement").

Based on *Orvis*, taxpayers have an opportunity to present evidence to the department that shows that taxpayers actually submitted a mileage reimbursement report to UCP, but that they were denied reimbursement. There was a provision in UCP's "Terms of Employment," that states that "mileage reimbursements" were available to taxpayers if they turned in a report "by the 3rd of the month following the expenditure." If taxpayers cannot produce evidence proving that they submitted a timely mileage reimbursement report, then the vehicle expenses are not "ordinary" and "necessary" business expenses and are not deductible.

## V.   CONCLUSION

Taxpayers were not, on their own, generally engaged in a trade or business such that most of the items at issue would be deductible. Taxpayers are considered to be in a trade or business as employees. As such, taxpayers may be entitled to unreimbursed employee mileage expenses. That issue is for further consideration in light of this opinion. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant properly disallowed Plaintiffs' $11,794 in deductions; and

IT IS ORDERED that Plaintiffs submit to Defendant any evidence they may have that shows that the vehicle expenses were actually for "mileage" expenses, and that UCP denied their request for a mileage reimbursement. The parties shall report to the court the result of this review. The claimed vehicle expense deductions will only be allowed as unreimbursed employee mileage expenses if Plaintiffs provide the evidence required by the court.