IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

CHRISTOPHER W. CAVENDER,    )
    )
    Plaintiff,    )    TC-MD 210070G
    )
    v.    )
    )
DEPARTMENT OF REVENUE,    )
State of Oregon,    )
    )
    Defendant.    )    **DECISION**

Plaintiff appeals Defendant's denial of employee business expenses he claimed on his 2015 personal income tax return. Kevin R. Sell, CPA, appeared at trial and testified for Plaintiff. Defendant was represented by its auditor, Nelly Rudnitskaya, who did not testify and did not call any witnesses. Plaintiff's Exhibits 1 to 12 and Defendant's Exhibits A to I were admitted.

## I. STATEMENT OF FACTS

The only testimony in evidence is from Plaintiff's CPA; Plaintiff was not at trial and did not testify. The CPA was first retained by Plaintiff during an audit of his 2015 federal return.

Plaintiff's CPA testified that in 2015 Plaintiff was a union pipefitter and welder who lived with his mother in Spokane, Washington. The CPA testified that for most of the year Plaintiff worked for a contractor named Abacus Project Management ("Abacus") at a job site in Boardman, Oregon, staying nearby at rented lodgings. The CPA testified Plaintiff incurred other expenses in the course of his employment. The CPA testified Plaintiff had told him he had not been reimbursed for mileage, lodging, meals, or any other expenses.

According to a union record labeled "Applicant Work History," Plaintiff was dispatched to Abacus for a job identified as "Carty" on August 19, 2014, and released on August 27, 2015. (Ex C at 12.) Plaintiff's 2015 Form W-2s include $22,877.69 in wages from Abacus and $850 from

Boilermaker Local 242 in Spokane. (Ex 7 at 1.) On his 2015 return, Plaintiff claimed deductions for union dues, tax preparation fees, vehicle mileage, lodging, meals, utilities, protective clothing, work tools, and cellular telephone service totaling $19,438. (Exs 1 at 1; 2 at 1; 12 at 2.)

Plaintiff's CPA testified that Plaintiff had kept a daily log of his mileage, but that it had not been submitted into evidence. Plaintiff's CPA also testified that Plaintiff had kept receipts for all his expenses, but that most of them had not been submitted into evidence. Single-page summaries of Plaintiff's travel dates, mileage, and meal *per diem* calculations were provided. (Exs 4 at 1; 5 at 1.)

Plaintiff submitted selected pages of his bank statements showing many checking account transactions during 2015. (Ex 3 at 4–25.) Plaintiff's CPA highlighted line items attributed to payments for lodging, utilities, protective clothing, work tools, and cellular telephone service. (*Id*. at 1, 4–25.) The portions of the bank statements submitted into evidence do not include Plaintiff's address. (*See id*.) Defendant analyzed the available bank statements and identified over $8,000 of unknown deposits. (Ex I at 1–2.)

Plaintiff submitted nine receipts. Eight of them, dated monthly from January to August 2015 and totaling $3,610, were attributed to Plaintiff's lodging expenses. (Ex 3 at 1–3.) The amounts of those receipts correspond to line items on the bank statements. (*Id*. at 4–21.) The other receipt is dated January 2016 and is coupled with an invoice for welding equipment. (*Id*. at 26.)

Plaintiff provided a $725 invoice dated May 26, 2015, for preparation of his 2014 tax returns. (Ex 9 at 1.) A line item on a bank statement shows a check drawn on Plaintiff's account for $725 was cashed on June 5, 2015. (Ex 3 at 14.)

Plaintiff provided his May and July cellular telephone bills, showing monthly charges of $104.82 and monthly payments of $110.00. (Ex 11 at 1–12.) Plaintiff's bank statements show

monthly payments of $110 to Plaintiff's cellular telephone provider from January to August. (Ex 3 at 4–24.) The cellular telephone bills show a Spokane address for Plaintiff, as do two student loan statements. (Ex 11 at 1–18.)

The union's 2015 "Member Payment History" for Plaintiff shows payments totaling $1,976.23 for "member dues" and "field dues," the former occurring every six months and the latter occurring monthly or bimonthly through August 31, 2015, with the remark "Abacus." (Ex 8 at 1.)

Defendant reduced Plaintiff's 2015 Schedule A deductions by $18,801 in conformity with an IRS audit report. (Ex B at 2.) Defendant's written objection determination upheld the denial of all employee business expense deductions and the reduction of the tax preparation fee deduction from $750 to $637, an amount equal to two percent of Plaintiff's adjusted gross income. (Ex D at 3–5; *see* Ex A at 8.)

Plaintiff asks the court to allow Schedule A deductions totaling $19,561 for union dues, mileage, lodging, protective clothing, work tools, cellular telephone service, meals, and tax preparation. (Ex 12 at 2.) Defendant asks the court to uphold its adjustments.

## II. ANALYSIS

The issue in this case is whether Plaintiff is entitled to deductions for his 2015 employee business expenses and for the full amount of his tax preparation fee. On all factual questions, Plaintiff must bear the burden of proof by a preponderance of the evidence. ORS 305.427.[1]

Federal law defining taxable income applies to this state income tax case because, subject to modifications not pertinent here, Oregon has adopted the definition of taxable income found in

---

[1] The court's citations to the Oregon Revised Statutes (ORS) are to 2013 and the statutes cited did not materially change over the pertinent years.

section 63 of the Internal Revenue Code (IRC). ORS 316.022(6); *see also* ORS 316.048. The applicable federal law is that in effect in 2015. *See* ORS 316.012(2).

In general, "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business" are deductible. IRC § 162(a) (Dec 19, 2014). In 2015, employees could deduct expenses incurred in the course of their employment as miscellaneous itemized deductions, subject to the two-percent floor and so long as the expenses were not eligible for reimbursement. *See* IRC § 67 (Dec 21, 2000); *Kirwan v. Dept. of Rev.*, 21 OTR 424, 432–33 (2014) ("[f]or an employee to deduct ordinary and necessary business expenses, a request for reimbursement must be made and denied, or reimbursement must otherwise be unavailable").[2]

Here, Plaintiff claims deductions under section 162(a) for traveling expenses (mileage, meals, and lodging including utilities) and for miscellaneous other expenses (union dues, protective clothing, work tools, and cellular telephone service).

A.     *Traveling Expenses*

Traveling expenses are those incurred for business travel "away from home." IRC § 162(a). As used in IRC section 162(a), the word *home* means "tax home," a concept used by the courts to distinguish between travel occasioned by business and travel occasioned by a nonbusiness decision to live far from one's workplace. *See, e.g.*, *Evans v. Dept. of Rev.*, TC-MD 180391G, 2019 WL 3815831 at *4 (Or Tax M Div Aug 14, 2019). A taxpayer's tax home is generally the vicinity of the taxpayer's principal place of business or employment. Rev. Rul. 56-49, 1956-1 CB 152 (IRS RRU 1956).

> "That general rule, however, is subject to an exception: the taxpayer's personal residence is the individual's tax home if the principal place of business is 'temporary' as opposed to 'indefinite' or 'indeterminate.' *Peurifoy v.*

---

[2] All miscellaneous itemized deductions, including unreimbursed employee business expenses, have since been suspended for taxable years 2018 through 2025. IRC § 67(g) (Dec 22, 2017).

*Commissioner*, 358 U.S. 59, 60, 79 S Ct 104, 3 L Ed 2d 30 (1958). That exception is in turn subject to an exception found in the flush language of section 162(a), which provides that any employment period in excess of one year is *per se* indefinite."

*Morey v. Dept. of Rev.*, 18 OTR 76, 81 (2004). The referenced portion of the flush language states: "For purposes of paragraph (2) [regarding the deduction for traveling expenses], the taxpayer shall not be treated as being temporarily away from home during any period of employment if such period exceeds 1 year." IRC § 162(a).

Traveling expenses, including expenses for vehicle use, meals, and lodging, are subject to the strict substantiation rules of IRC section 274(d). No deduction is allowed for them

> "unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the travel or the date and description of the gift, (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of the person receiving the benefit."

IRC § 274(d). In general, the adequate records requirement can be met by a combination of (1) "an account book, diary, log, statement of expense, trip sheet, or similar record" made at or near the time of the expenditure or use, and (2) receipts or paid bills for lodging expenses and for expenses of $75 or more. Treas Reg §§ 1.274–5T(c)(2); 1.274–5(c)(2)(iii).

In the present case, the only evidence of the time Plaintiff worked for Abacus is his Applicant Work History, which shows he was released 373 days after he was dispatched there. On that evidence, it appears his job lasted slightly more than one year. Under the flush language of IRC section 162(a), that job cannot be treated as temporary for purposes of a traveling expense deduction; it was instead "indefinite." *See Peurifoy*, 358 US at 60. Plaintiff therefore does not qualify for the exception to general rule; his tax home was the vicinity of the place where he worked during the period in question—Boardman, Oregon. *See Morey*, 18 OTR at 81.

Even if it could be shown that Plaintiff had not worked in Boardman for more than a year and

that his tax home was elsewhere, the evidence submitted would not satisfy the strict substantiation requirement of IRC section 274(d). Plaintiff did not submit his daily mileage log. While Plaintiff's analysis of the log's contents is welcome, the log itself is necessary to support that analysis. Without the log, there is not evidence sufficient to determine when and where Plaintiff allegedly travelled. Furthermore, the line items for utility payments on Plaintiff's bank statement do not adequately substantiate lodging expenses without a receipt or a paid bill. *See* Treas Reg § 1.274–5(c)(2)(iii).

B.       *Other Miscellaneous Expenses*

Although strict substantiation rules do not apply to Plaintiff's remaining claimed expenses, it remains Plaintiff's burden to show that he incurred those expenses for employment purposes. *See* ORS 305.427; IRC § 162(a).

For a deduction to be allowed for work clothing, Plaintiff must show the clothing was specifically required as a condition of employment and not adaptable to general use as ordinary clothing. *Donnelly v. Comm'r*, 262 F2d 411, 412 (2d Cir 1959); Rev Rul 70–474, 1970–2 CB 34. Here, there is no evidence about the nature of the clothing purchased or of Plaintiff's employer's requirement for it.

To deduct tool and cellular telephone expenses, Plaintiff must show they were ordinary and necessary business expenses. *See* IRC § 162(a). Such expenses may be incurred for nonbusiness reasons; indeed, the tax code has long provided that a taxpayer's first residential telephone line is automatically considered a personal expense. *See* IRC § 262(b).

With one exception, Plaintiff has not provided evidence of what tools were purchased or of whether they were required for his employment. The exception is the welding equipment, for which a receipt and invoice are dated in 2016. Because only expenses "paid or incurred during the taxable year" are deductible, no deduction can be allowed in 2015 for that expense. *See* IRC § 162(a).

The business purpose of Plaintiff's cellular telephone is not apparent on its face, and Plaintiff was not present to testify to it. Without evidence that Plaintiff used another telephone for personal purposes, Plaintiff's cellular telephone appears to be a personal expense.

Plaintiff's union dues are clearly employment-related. However, although Plaintiff provided evidence the dues were paid, he did not provide evidence that he was the one who paid the dues, rather than an employer or other third party. None of the payments listed in the union's records is reflected in Plaintiff's bank statements. Plaintiff has not shown the union dues were his expense.

Because the evidence does not show both a business purpose and a payment by Plaintiff for any of the above expenses, no deduction can be allowed.

In addition to the deficiencies in the evidence discussed above, Defendant has raised an issue as to whether Plaintiff received reimbursement for some or all of his expenses in 2015. Defendant's analysis of the available bank statements shows significant unexplained deposits that could be reimbursements. Plaintiff did not provide a copy of either a reimbursement policy from Abacus or a union contract applicable to Plaintiff's relationship with Abacus, and Plaintiff did not testify. For Plaintiff to receive a deduction for his employment expenses, he must put forward evidence showing that reimbursement was unavailable to him. *See* ORS 305.427; *Kirwan*, 21 OTR at 432–33.

C.     *Tax Preparation Fee*

A deduction is allowed for an individual's ordinary and necessary expenses "in connection with the determination, collection, or refund of any tax." IRC § 212(3). That deduction qualifies as one of the "miscellaneous itemized deductions" defined in IRC section 67(b). Miscellaneous itemized deductions are allowed "only to the extent that the aggregate of such deductions exceeds 2 percent of adjusted gross income." IRC § 67.

Here, Plaintiff's $725 tax preparation fee supports his sole remaining miscellaneous itemized expense deduction after deductions for all others have been disallowed. He reported an adjusted gross income of $31,874. Two percent of $31,874 is $637.

Under IRC § 67(a), Plaintiff's deduction for his $725 tax preparation fee would be limited to the amount exceeding $637—that is, to $88. However, Defendant previously allowed Plaintiff a deduction of $637 and has asserted no claim for the court to increase Plaintiff's deficiency. *Cf.* ORS 305.575. There being no issue between the parties, the court lets the $637 deduction stand.

### III. CONCLUSION

The evidence does not support Plaintiff's claim to increase his miscellaneous itemized deductions for 2015. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.

Dated this_____ day of October 2021.

_____
POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*Some appeal deadlines were extended in response to the Covid-19 emergency. Additional information is available at <u>https://www.courts.oregon.gov/courts/tax</u>*

*This document was signed by Magistrate Poul F. Lundgren and entered on October 7, 2021.*